*506 OPINION of the Court, by
Ch. J. Bibb.
— Thomas exhibited his bill against Philip Bush, alone, making in substance the statement following: that in 1798, he took up goods in the store ol Philip Bush, who then was one of the trustees of the town of Harrodsburg j that the complainant, then had a claim against the said trustees for more than double the amount of the goods purchased, which claim the bill asserts was legal and conscientious, and remains yet unpaid and in no part extinguished ; that at the time he received the goods, there was an express private and confidential agreement that Bush should receive the price of the goods out of the debt due from the trustees j that a few days after-wards, Bush purchased lots of the trustees to the amount of £> 20, or thereaboutSj for which the eomplai- *507 ¡aan'e became Bash’s surety, by bond, which is yet in the hands of the trustees unsatisfied ; that when he became so bound, it was expressly agreed between Buch and the complainant, that the goods-were to be considered as paid for, an the complainant s discounting-the price of them on said bond with the trustees; which he has always been willing to do ; that he would not have become bound for Bush,as he considered him then indubious circumstances, but that he considered the tvhole amount of what he went security for was in his own hands, “ which from the accounts between him and the trustees, and between him and Bush, was the case in that transaction”; that he believes Bush is insolvent, the bond to the trustees undischarged, that the trustees have waited nine years, and he believes they would wait nine years more for the certainty of compelling the complainant to pay the bond without recourse to Bush for reimbursement. That said Bush brought his action lately, in the name of Philip and Matthias Bush, and by refusing to admit the agreement, deprived the complainant of his defence at law, and recovered judgment for 16 7s. 2d. damages, besides costs ; and inasmuch as the complainant has no means of compelling the trustees to coerce payment from Bush, he prayed an injunction and general relief.
wtlt not ,U5ii=ftW'a complainant to dUmgenu-cusnsss,
phinant must act equitably,
Bush in his answer denied that there was any priva» cy or secret confidence in the contract, or that he had ever refused to admit it ; but insists that the complainant denied the account, and put him, on the trial at law, to legal testimony of the delivery of the goods, whereby he recovered only what he could prove by the strict rules of law. That he had waited about nine years with the complainant, in hopes that he would have made some adjustment with the trustees of Harrodsburg, as he acknowledges he was bound to do ; but that the defendant has been informed, and believes the trustees have made “ a partial settlement with the complainant, by which it appears he is considerably their debtor he admits he was a trustee of the town when the goods were sold, but was not, when the complainant’s account was settled ; denies his insolvency ; and hopes his claim against the complainant will not be deferred until (according to the fallibility of all men) the complainant himself might fail ; denies fraud, &c.
*508 Upon a final hearing on bill and answer only, the court dissolved the injunction which had been granted, and dismissed the bill with costs and damages ; to which this writ of error is prosecuted against the administrator of Bush.
Thomas has failed to make good any claim against the trustees, or even to make them defendants, so as to compel a discount according to the agreement stated in his bill as between Bush and himself, in case he had a subsisting debt due him from them. Why he has not made Matthias Bush co-defendant, who was co-plaintiff in the action and judgment, is not accounted for. But waiving that point the matter comes to this, that the complainant would have the court of chancery to postpone the judgment indefinitely, because he is bound as security along with Bush the principal, or until Bush’s administrator (as contended for by the counsel for Thomas) shall give an indemnity against that bond. There is not a single equitable circumstance in favor of the complainant, upon which a decree can be bottomed. He has had nine years before the exhibition of his bill to procure the discount, which he states was agreed to by Bush; in this respect he is justly chargeable with gross negligence. He admits when he became Bush’s security he was apprehensive of the defendant’s circumstances, but had full indemnity in his own hands, by the amount of goods previously taken up in Bush’s store ; but the judgment at law complained of, is of smaller amount than the bond ; then the judgment is for less than he was indebted to Bush ; to entitle himself to equity he ought to act equitably. He ought then to have proffered to pay the principal and interest, which has accrued upon the bond ; made the trustees defendants, established his claim to the full amount of the bond against them, or otherwise have enabled the court to make a decree, which would have extinguished the demand against Bush upon that obligation, But as his bill is framed, he appears as one asking a court of equity to help him to make profit by his own supine-mss or disingenuousness. — .-—Decree affirmed.