THE only question presented, on the application for a reconsideration of this cause, is, whether the circuit court was correct or not, in entering the decree against the heirs of Carneal in their own right, instead of directing the amount decreed to be levied of the assets to them descended.
2. We are inclined to the opinion that the decree should have been entered to be levied of the assets descended. The heirs were not expressly bound in the bond, upon which the suit was founded, and they were liable to be sued only in virtue of the provision in the act, subjecting lands to the payment of debts, allows the same actions, which will lie against the ex. ecutor or administrators, to be brought jointly against them and the heirs or devisees. The object of thus permitting the heirs to be sued, where they were not before liable, was to subject the lands descended from their ancestor, to the payment of his debts, in the same manner as they were in his hands, and not to render them personally liable 5 and it would seem to have been the intention of the legislature, by only author, izing a joint action against them and the executor or administrator, that they should not be further or otherwise made liable in their own right, with respect to the real estate, than.the.executors or administrators were in respect to the personal estate. This intention is, however, more conclusively evinced by an act passed the 31st of January 1811, 1 Dig. Stat. 554. The first section of that act declares, that “ hereafter no executor or executors, administrator or administrators, shall be made liable for more than the amount *398 of assets which have come or may come into his, her or their hands to be administered, or on account of having failed to plead or make defence, or on account of any plea or pleas which he, she or they may have' heretofore or may hereafter plead to any suit or action whatever, determined, brought, or to he bi’ought or prosecuted against him, her or them, or either of them; but the judgment of the court, in all cases, shEj.11 only render such executor or executors, administrator or administrators, liable for the amount of assets in his, her or their hands, unadministered.” The act, after making sundry other provisions concerning executors and administrators, in the latter part of the first, and in the two succeeding sections, declares, in the fourth section , that “ the heir or heirs of a deceased person shall be entitled to receive the benefit of all and tevery of the provisions, aforesaid,-relating to executors and administrators, as far as the same are applicable.” ' '
Where a bill does not allege that any estate has descended, taking it pro confesso will not amount a confesj”°n tliat an^
*398 The only doubt which exists in this case, as to the manner of entering the decree, arises from the difficulty of determining that any of the provisions of this act are applicable to the case of heirs. Some of its provisions are most evidently not so ; hut to decide that none of them were, would he, in effect, to render the fourth section of the act inoperative and null, and would be clearly in contravention'of the intention df the legislature. Such a construction must, therefore, we think, be deemed inadmissible ; and if any part of the provisions of the act is to be applied to the heirs of a deceased person, that part df the first section which we have before quoted; must be so applied; for that is at least as appropriate to thé casé of an heir, as any other part of the act; and indeed it only requires the insertion of the terms, heir or heirs, to render it strictly a provision for the benefit of heirs, as well as executors and administrators. .......
3. Assuming, then, that heirs'are entitled to the benefit of this provision, it will result, that the decree in this case against the heirs of Carneal, in their own right, is erroneous, and that it ought to have been agaibft them, to be made of the assets descended ; for the bill docs not allege, as was suggested at the bar, that the heirs had assets descended to them ; and their *399 failure to deny the fact, cannot be taken as á conges. sion of its truth; and, of course, such failure cannot, under the act of 1811, justify a decree against them in their own right.
The decree must be reversed, so far as it is against the heirs in their own right, and the cause be remand. ed, that a decree may be entered against the heirs,-to be levied of the assets descended to them. Each party to pay their own costs in this writ of error.