Judge Haggin
delivered the opinion of the Court.*
Meglasson prosecuted a joint action of debt against the heirs and administrators of Leathers, upon a promissory note executed by the latter.
The defendants pleaded a former action for the same demand, and payment by the intestate. The plaintiff demurred to the first plea. The court sustained the demurrer. The defendants withdrew the plea of payment, and the court rendered judgment against all of •them, ete propriis bonis.
Plea of mat-mont” com-moncing in bar, is ill on cmurier.
In a plea of former suit pending, it mustbeavor-red that the suit is still ponding.
judgment de bonis propriis nilnRtrator' rendered on demurrer, is erroneous.
So of such .judgment against heirs.
Thó statute for the benefit of the tives'ir^such case,’ applies equally to the heir®> a^r®x' the assets'aro put in issue, and found for tho judgment against them must be ren-madc’of°thee assets descended.
_ ... question examined.
. Some exceptions have .been taken to the declaration, which are not deemed worthy of particular notice.
The matters of the plea which remain in the cause, and indeed its conclusion, are in abatement; but it commences in bar, and therefore, agr'eeably to the case Boswells vs. Blue, Litt. S. C. 209, it is defective,
It likewise omits the averment that the former suit, was still pending, which all precedents would prove indispensable» *fhe demurrer was, therefore, properly Sustained.
But the judgment is certainly erroneous, as relates to the administrators.
, , , . , . , 1 ouching the bbirs, by the common law their default Would, justify an absolute judgment against them. Yet the act of 1811, after providing that uo execiitor or administrator shall be made liable for more than the amount of assets received-, by reason of any omission to oranJ matter pleaded, and that no sqit shall be instituted against executors or administrators, in less than six months after qüalificaüon, declares that heirs shall receive the beneñtof all those provisions, So far as the sam’e aré applicable; and most assuredly, they could ail be well applied to heirs. The judgment, therefore, should, as regards the heirs, be confined tc-csta*;e descended to them from the intestate,
This is the construction given to that act in the case Carneal and Day, 2 Litt. Rep. 397. True, a cou-*;rar-5r decision was given in the case of Rice’s heirs vs. May, 2 Marsh. 23; and that opinion is predicated upon the case of Keizer and Adams, 1 Marsh. 316.
It is believed, that in the latter case the question of ostate by descent, was.put directly in issue, and found for the plaintiff; and if so, it is‘inapplicable,
But we are not favored by the court with its views ’n case* They barely say, that “ the provisions of that act, we are of opinion, should not be construed so as to aifect the mode of entering the judgment.” They §ave no reasons for this opinion. They have not enabled us to understand how it can be said that the heir is rendered no further liable, because of his default, than the estate descended, who in truth may have received nothing, and who, for his default, is made responsible, personally, for the amount of the demand. Nor can we perceive the propriety of entering a judgment against the heir, as upon his own contract, who is *65 not, in law, liable for one cent. Although a judgment, therefore, may be well entered for the amount of estate received by the heir, when it has been put in issue and ascertained, yet we adopt that construction, which will, npona failure to show the value thus received, limit the plaintiff and the officers to the inheritance; especially as this is the last opinion of our predecessors.
Errors in these respects y| cour(: below; it is long aSned^for* error in this court'
Costs not al-towed,
Mandate.
Triplett, for appellant; Sharp and Rout, for appellee.
Agreeably to the principles recognized in the case of Speed's executor vs. Hann, 1 Monroe 16, these irregular!ties are merely clerical; and being clerical, the circuit court might, at a subsequent term, amend. Some doubts may therefore arise, if this court should fere, if a writ of error would lie in the first instance, to correct the ministerial errors of the officers of the inferior courts, and it certainly savors of oppression to permit it; but the question has been long settled in favor of the exercise of that cognizance by this court. 1 Bibb 506, 2 Bibb 436, 4 Bibb 304, 2 Marsh. 23, 1 Marsh. 314. And even in the case of Speed and Harm, the court supposed it would have been bound to reverse, had not the amendment been made in the circuit court.
Judgment reversed, each party paying their own costs; cause remanded, and judgment to be entered, to be levied of the assets in the hands of the administrator and administratrix to be administered, and of the estate of the heirs which descended from the intestate.

 Absent, Judge Trimble.