JUDGE SIMPSON
delivered the opinion oj? the court:
There is but one question involved in this case: Is an affidavit by an agent, that he believes the facts stated in the petition are true, sufficient to authorize an attachment to issue under the 222d and 223d sections of the Civil Code ? This is the only point necessary to be decided.
In the case of Scott vs. Doneghy, (17 B. Mon., 324,) it was decided, that if the petition contains a statement of all the facts, which, under the foregoing sections are required to be shown by an affidavit, and is sworn to, it should be regarded as supplying the place of a separate affidavit, which, under such circumstances, may be dispensed with altogether.
But in that case no question was made or decided as to the character of the oath by which the petition in such a case must be verified, either by the plaintiff himself or by his agent.
It is provided, by the 611th section of the Code, that where-ever the affidavit of the plaintiff or defendant is required to verify a pleading, to obtain a provisional remedy, or any other order in an action, it may, unless otherwise expressed, be made by the agent or attorney of the party, if he is absent from the county. •
The Code does not require that the plaintiff in the action shall himself make the áífidavit to obtain an attachment; con-, sequently, it can be made by his agent, under the foregoing provision, when he is absent from the county.
Now, to require an agent to swear to the truth of the facts contained in the affidavit, on an application for an attachment, would have the effect of rendering the provisions of the Code, authorizing him to make the affidavit, absolutely nugatory. Can an agent state the nature of the plaintiff’s claim, or that it is just, in almost any case, from his own knowledge, or will not his statement as to these facts have necessarily to be made upon information which he believes to be true? The authority to the agent to make the affidavit is not restricted to cases where the facts are known to him; but he is authorized to make *159 it in every case where the plaintiff is absent from the county. To give effect, therefore, to this provision of the Code, the oath of the agent, that he believes the facts to be true, must be deemed to be sufficient.
Suppose an agent, in verifying a petition, should swear that the facts were true, when his knowledge on the subject was derived exclusively from information which he believed, and upon wffiich he felt himself justified to make such an oath: no objection could be made to the verification in that form. But suppose that the party against whom the attachment was granted required the production of the person who made the affidavit for cross-examination, under the 609th section of the Code, andit appeared, on cross-examination, that he had no personal knowledge of the facts, but swore to them as agent, from information and belief: there the legal effect of the affidavit, when explained by the cross-examination, would be precisely the same of the one which the agent made in this case. The explanation would not, however, affect the validity of the attachment, because the agent was authorized to make the affidavit, and he could only make it on such knowledge as the law presumes that agents usually act upon.
The requisitions of the Code must be substantially complied with; but mere technical objections should not be allowed to prevail, where the obvious effect would be to defeat partially, if not altogether, the operation of some of its provisions. We think, therefore, that the oath by the agent, that he believed the facts to be true, was sufficient to authorize the issuing of the attachment.
Wherefore, the judgment is affirmed.