CASE 51—DESCENT, WARRANTY—SEPTEMBER 13, 1884.

## Massie v. Hiatt's Adm'r.

## Kalfus, &c., v. Crawford and Wife.

APPEAL FROM HENRY CIRCUIT COURT.

1. A child born within ten months of the death of the intestate is entitled to a share in his estate, as if born and in being at the time of intestate's death.

2. The court had jurisdiction to sell the land on the petition of the guardian of the two other children; but the sale affected only their rights. The right of the unborn child could not in anywise be affected.

3. Having an interest in the land, she could not be deprived of it by any proceeding to which she was not a party, and may recover such interest from a remote vendee of the purchaser at the judicial sale.

4. To make an heir responsible for the debt of the ancestor, it must be averred that he has recovered estate, and only to that extent can he be held bound.

5. There is no estoppel of appellees, Crawford and wife.

W. N. BECKNER FOR APPELLANT, MASSIE.

1. It is error to adjudge in favor of Hiatt's heirs against appellant, because there has been no eviction of Hiatt's vendees, and therefore no liability from his heirs to any vendee, immediate or remote. (1 Dana, 254; 4 Ib., 255; 5 J. J. Mar., 425; 1 Litt., 395; 1 Mar., 390; Sneed, 37; 11 B. Mon., 365.)

2. Appellant sold the land as commissioner of the Henry Circuit Court.

Massie v. Hiatt's Adm'r.

Jo Ella's part of the land was not sold by him. He sold the entire-tract of land as commissioner, as he was ordered to do, and in no case can he be liable.

3. There is no averment in the pleading of appellees, the Hiatts that they have recovered any estate from their ancestor. Without this, they cannot be liable for a breach of warranty to any vendee. (10 Bush, 240; 3 Dana, 485; 7 J. J. Mar., 353; *Ib.*, 254; 5 *Ib.*, 109; 4 *Ib*, 566; 2 *Ib.*, 189; 1 *Ib.*, 348.)

R. W. MASTERSON FOR MASSIE'S ADM'R AND HEIRS.

1. If (as is true) appellant, Massie, recovered the whole of the purchase-money from Hiatt, he ought to be accountable for it in some way. If Crawford and his wife recover their interest in the land, then appel-lant should pay to appellees the value thereof, inasmuch as their ances-tor has warranted the title to his vendee.

2. Splitting up of controversies into numerous suits is not favored in equity.

3. In case the judgment is in favor of appellee, Crawford, then it is clear that the judgment obtained by appellees, the Hiatts, should also be affirmed (Collins v. Champ, 15 B. Mon., 122; 1 Story Eq., section 64; Harrison v. Fleming. 7 Mon., 589; 6 Mon., 330.)

CARROLL & BARBOUR FOR APPELLEES, CRAWFORD AND WIFE.

1. We insist that all the court could do upon the petition of Massie, as guardian of Sarah and Mary Stapleton, was to order the sale of that which the infants, had they been adults, could have sold themselves. without the intervention of the court. Not being a party to the pro-ceeding. Mrs. Crawford can not be affected by it. As to her, it is void. ·

2. Posthumous children, under the common law, as well as the statute, inherit as though they were living at their ancestor's death. (Kent's Comm., 4, volume 408; Rev. Stat., chapter 30, section 7; 23 Ill., 611.).

3. There is not a single element of an estoppel in this case. By no act of appellees have Kalfus or DeJarnette been in any degree prejudiced. (Bigelow on Estoppel, 369.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Joseph M. Stapleton died intestate, leaving his widow and two children surviving him. He was the owner of a tract of land that was sold on the petition of the stat-utory guardian of these two infants not long after their father's death, and Wm. Hiatt became the purchaser, and having paid the purchase money, obtained a deed

to the land. Shortly after the death of Stapleton, and before this land was sold under the decree, his widow, being pregnant at his death, gave birth to a child, called Jo Ella, who intermarried with one Crawford, and is an appellee in this action. Massie, as guardian of the two daughters living at their father's death, Mary and Sarah, obtained the judgment for the sale of their land (the entire tract) in April, 1859, and in the month of February, 1860, the Commissioner of the Henry Circuit Court sold this land to Hiatt. Hiatt, after he purchased the land, sold it to Kalfus and DeJarnette, executing to them a general warranty deed. After the birth of Jo Ella, Massie qualified as her guardian, but at no time seems to have recognized her as entitled to an interest in the estate. In making his settlement in the county court he settled as if the two children living at the death of their father were entitled to the entire proceeds of sale. Jo Ella, Mrs. Crawford, was not a party to the petition for a sale of the land, nor has she received her portion of the purchase money.

Actions had been instituted by her sisters against the guardian, Massie, and his surety for their patrimony, and she also filed a petition, seeking to recover the moneys in the hands of her guardian to which she was entitled, and he seems to have had no other estate in his hands than the proceeds of the land sold under the decree of the court. During the progress of the litigation an action was instituted by Jo Ella, Mrs. Crawford, and her husband against DeJarnette and Kalfus, who were the vendees of Hiatt, alleging that they had just discovered that the land sold belonged to her father; that she was of tender years and knew nothing of his

estate, and asking to abandon, or rather, did abandon her claim to the proceeds of the land, insisting that she was entitled to the land itself, having inherited it from her father.

This case was consolidated with the cases for a settlement of the estate, and Hiatt, the original purchaser of this land at the decretal sale and the vendor to Kalfus and DeJarnette, having died, his widow and heirs filed a petition to be made parties, alleging that they were interested in the controversy by reason of their liability to DeJarnette and Kalfus on the covenants of their ancestor in the event Mrs. Crawford recovered the land. The defense of DeJarnette, Kalfus and Hiatt's heirs was, that the Chancellor having the jurisdiction to sell, the whole title passed to the purchaser, and that Crawford and wife, having elected to sue the guardian in the first place, were estopped from recovering the land.

There can be no estoppel in this case as against Crawford and wife, unless they have done some act by which the rights of Kalfus, Hiatt and DeJarnette have been affected. They must have made some misrepresentation or concealed some fact from these parties that induced them to part with their money, or prevented them from taking such steps as would enable them to obtain relief from the parties of whom they purchased. The mere fact of bringing an action for a settlement against the guardian for the moneys in his hands can work no estoppel as against Crawford and wife, nor will they be required to stand by their original action, when it appears from the pleadings and proof that they were not aware of the existence of the proceedings for the sale

of the land by Massie when they instituted their action; and if they had been, an abandonment of that action would not work an estoppel as against their right to recover the land.

These defendants had all become purchasers of this land at a time when the appellee was an infant and in no condition to assert her rights.

There can be no doubt that the Chancellor had jurisdiction to sell the land on the petition of the guardian, but it affected only the rights of those who were parties to the litigation. If the child had been living at the death of the father, and the statutory guardian had filed a petition in the name only of two of the children, the third child having been omitted, no title would have passed except the title of those before the court. The Chancellor may have the jurisdiction to sell, but his judgment can affect only those who are parties to the action.

The General Statutes, chapter 31, subsection 7, of section 2, expressly provides that "any person born of his widow within ten months after the death of the intestate, shall inherit from him in the same manner as if he were in being at the time of such death." There was no sale for re-investment, but a petition filed by the guardian asking a sale of the entire tract, alleging that there were only two heirs and that their interest required that a sale should be made, and before the sale was made this child was born. She was, therefore, an heir of the intestate, and entitled, by descent, to an interest with her sisters in this land.

The defense by the purchasers, that they had no notice of the pregnancy of the mother or the birth of the

child, can avail nothing. The same defense might be interposed in every instance by the purchaser where a party invested with title had been omitted from the record, if permitted in this case.

If the child had an interest in this land, it was not deprived of it by the proceeding instituted by the guardian, to which it was not a party, for if such a ruling is adopted, it must necessarily follow that if the two sisters, in whose names the land was sold by their guardian, had been adults, a conveyance by them prior to the birth of their sister would have passed a perfect title to the purchaser. The fact of such a sale having been made, although in good faith and for a reasonable consideration, could not deprive the posthumous child of all interest in her father's land.

Mr. Kent, in his Commentaries, fourth volume, page 408, says: "Posthumous children * * * inherit in all cases in like manner as if they were born in the lifetime of the intestate, and had survived him." This is the universal rule in this country. It is equally the acknowledged principle in the English law, and for all the beneficial purposes of heirship, a child in *ventre sa mere* is considered as absolutely born."

In Detrick v. Myatt, 19 Illinois, 146, it is said: "The interest of a posthumous child in real estate is not divested by a decree against his mother and uncle, under which a sale was made to satisfy the debts of his relatives and ancestors. And in Comell v. Smith, 23 Illinois: "A posthumous child takes directly from the parent, his estate remaining meanwhile in abeyance, so that he is not bound by a decree had against the other heirs before his birth." We perceive, therefore, no rea-

son why the appellee, Mrs. Crawford, was not entitled
to her interest in the land of the father, and the court
below, having so adjudged, that part of the judgment
from which the purchasers have appealed is now
affirmed.

Massie, the guardian, appeals from that part of the
judgment by which he is required to pay to Hiatt's
widow and heirs that portion of the purchase money,
paid him for the land, to which Mrs. Crawford would
have been entitled if she had been a party to the
action.

The recovery of this money is sought on the ground
that Hiatt's widow and heirs will become liable to Kal-
fus and DeJarnette, the vendees of their ancestor, on his
warranty of title. That liability certainly exists if
assets passed to the widow and heirs, as Crawford and
wife have recovered the land, but there is no evidence
or allegation by either the widow or the heirs that they,
or either of them, have satisfied the warranty to
Kalfus and DeJarnette, or that they received assets
from their father of sufficient value, or of any value, so
as to make them responsible to the vendees for the
damages sustained by the breach. They ask to be sub-
stituted to the rights of Mrs. Crawford, but how they
can be substituted to her right when that right is to
recover the land, as has been already adjudged, is not
readily perceived.

The heirs of Hiatt have lost nothing, so far as this
record shows, and they have failed to present a case in
their pleadings where their liability arises. To make
an heir responsible for the debt of the ancestor, it must
be alleged that he has received assets, and to that extent

only is he bound. (See Hagan v. Patterson, 10 Bush.; Trustees v. Fleming, 10 Bush; Connal v. Day, 2 Littell.)

There might be some propriety in the vendees of Hiatt, looking to the remote warranty if any exists, but in the present case the appellees, Hiatt's widow and heirs, from the pleadings were not entitled to the judgment.

The judgment of Hiatt, &c., against Massie is reversed and cause remanded for proceedings consistent with this opinion. Crawford and wife are entitled to their costs against Kalfus, DeJarnette and the Hiatts. Massie, &c., is entitled to costs against the Hiatts.