CASE 15—PETITION ORDINARY—JANUARY 10.

# Clark v. Miller.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE HUSBAND IS LIABLE FOR THE WIFE'S DEBTS CONTRACTED BEFORE MARRIAGE to the extent of the value of personal estate which he has received by her; and it is immaterial that the personal estate which he has thus received was exempt from seizure for debt when held by the wife prior to her marriage, and is still exempt in the husband's hands. Notwithstanding this fact, he is personally liable to the extent of the value of the personal estate received.

2. AFFIDAVIT FOR ATTACHMENT—The affidavit for an attachment may be made by the plaintiff's attorney when the plaintiff is absent from the county, and if the petition sets forth the grounds of attachment, the attorney's verification of the petition is a sufficient affidavit. He thereby makes the statement of the client his own affidavit.

3. SAME—The statement: "He says statements in the foregoing petition are true," is a sufficient verification to autnorize an attachment, being a substantial compliance with the statute. It is manifest that the omission of the word "the" was a mere oversight of the draftsman.

CHAS. CARROLL FOR APPELLANT.

When the husband receives from the wife personal property owned by her at the time of the marriage, and exempt from execution because she was a house-keeper with a family at the time of marriage, he is not liable to the extent of the value of the property for her debts contracted previous to the marriage. (Gen. Stats., chap. 52, art. 2, sec. 4, Louis v. James, 9 Ky. L. R., 24.)

FARLEIGH & STRAUS FOR APPELLEE.

By the terms of the statute, the husband is liable for the debts of the wife contracted before the marriage, to the extent of the value of the property received from her, regardless of whether the property was exempt from her debts prior to the marriage.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, W. H. Miller, sues to recover a personal judgment against the appellant, L. W. Clark, upon a debt created by the wife of the latter prior to

her marriage to him, upon the ground that he received, by her, personal property greater in value than the debt.

A recovery is resisted upon the ground that before and at the time of their marriage, she was a *bona fide* house-keeper with a family of this Commonwealth; that all the personal property then owned by her and received by her husband from her, was, under the law, exempt from seizure for debt, and that upon their marriage, he at once became, and has ever since remained, a house-keeper with a family, owning no personalty save that received from his wife.

Section 4, article 2, chapter 52, of the General Statutes, provides: "The husband shall not be liable for any debt or responsibility of the wife contracted or incurred before marriage, except to the amount or value of whatever he may receive by her independent of real estate."

It is urged that his liability should be confined to the value of such property derived by him from the wife as was liable for her debts prior to the marriage; that this is the proper construction of the statute, and that it would be unreasonable to hold him responsible to her creditors for the value of property, which, when it was held by her, could not be reached for her debt, and, as is claimed, can not now be taken from him by reason of the exemption. In other words, that the change of ownership, by reason of the marriage, has not prejudiced the creditors.

The language of the statute is quite comprehensive. It makes the husband liable for the value of *whatever* he receives by the wife, aside from real estate. Its

terms certainly include property which was exempt to the wife prior to the marriage. In arriving, however, at the proper construction of a statute, its words are not merely to be considered, but also the intention of the law-maker as well as the reason for its enactment. The spirit and purpose of it must control. The language employed is but an aid to their ascertainment.

By the strict rule of the common law, the husband is liable, during coverture, for all the debts of the wife contracted prior to their marriage, although she may come to him entirely portionless. This rule was not only unjust, but inimical to the creation of the marriage relation. Our Legislature, therefore, changed it, and made the husband responsible only to the extent of the value of the property received by him. The only reason for, and the only test of this liability furnished in the act by the law-making power, is the reception of the property, and to it we must look in determining the extent of this innovation upon the common law, instead of the condition of the wife's creditor before and after her marriage. Prior thereto, she was personally liable for the debt. Her right to say that the property was exempt from seizure for its payment, was personal to her, arising out of her condition. She might have paid it, if she had chosen to do so, through means derived from this property. She might have pledged it for its payment, or if she had ceased to be a house-keeper, it would have been liable. By her marriage, however, it became the property of her husband, and in truth it may be properly said that her creditor is prejudiced by the change, or at least may be, unless the husband can be held liable for its

value.  The reason for this statutory liability is that his estate has been increased to the extent of the value of the wife's property.  This much has been added to it, and whether the identical property thus received be exempt or not to him as the head of a family, yet we see no just or sufficient reason why he should not be personally liable to the extent of its value.  Indeed, a different rule would lead to injustice.  Here the creditor has attached a debt owing to the husband, and claims the right to subject enough of it to satisfy his claim created by the wife, because the husband received more in value by the marriage than the amount of it.

Now, suppose A has ten thousand dollars owing to him.  He marries B, who, at the time, owes C two hundred dollars, and gets by her property worth five hundred dollars.  It becomes absolutely his by the marriage.  He sells it, and his estate then amounts to ten thousand five hundred dollars, and all opportunity of payment to C is gone, unless A is to be held personally liable.  In such a case there is no good reason why the husband should not be personally liable for this ante-nuptial debt of the wife.  His estate has been increased that much and more; he has received the property; and this is the ground upon which the Legislature, and justly, in our opinion, based his personal liability.  It should not be made to depend upon the amount of property he owns at his marriage, nor upon its previous *status*, but upon its value when he obtains it.  He is not to be regarded as a donee or a purchaser.  The common law made him liable during the coverture for all of the ante-nuptial

debts of the wife, whether he received property by her or not, upon the score of duty to discharge all of her obligations. He was not liable as a debtor, but as the husband. Our Legislature, recognizing the hardship of this rule, restricted this liability to the value of what he might receive by her. The limitation as to the liability was for his benefit, and in conferring it the Legislature have seen proper to say, as they had a right to do, that he shall be liable to the extent of the value of *all* the property derived from her. The law upon marriage vests the title to the wife's personalty in the husband absolutely. The common law made him pay all of her debts if enforced during the marriage without regard to what she might bring him; and the statute has merely narrowed this liability, based upon duty, to a certain limit. In our opinion, the language of the statute, the history of the law upon this subject, as well as justice and reason, demand this construction.

The grounds of the attachment in this case were set out in the petition. It, of course, purported to be the statement of the plaintiff. It was verified, however, by the attorney, the verification stating that the plaintiff was absent from the county. Section 196, of the Civil Code, authorizes the making of an order of attachment upon the filing of an affidavit of *the plaintiff*, setting forth certain grounds for it, and section 550 provides: "Any affidavit which this Code requires or authorizes a party to make, may, unless otherwise expressed, be made by his agent or attorney, if he be absent from the county." It is admitted that the attorney may, in the absence from the county of his

client, make the affidavit, but it is insisted that a statement purporting to be that of the client, and then a verification of it by the attorney, is not sufficient. In other words, that the statement or affidavit of the latter must set forth the grounds of the attachment. He however, verifies the statements of the petition. He says they are true. He makes the statement of the client his own affidavit. It has frequently been held that if a verified petition contains a statement of all the grounds necessary to the issual of an attachment it will be regarded as supplying the place of a separate affidavit, and that it may be verified by the agent or attorney, in the absence from the county of the client. (Savings Institution v. Bank of Wheeling, 1 Met., 156.)

It is also contended that the verification is defective upon the ground that the word "the" is omitted in the statement: "He says that statements in the foregoing petition are true." It is manifest it was a mere omission of the draftsman, and as it is, it is substantially sufficient.

These two objections to the sufficiency of the order of attachment are quite technical. It is true the remedy is an extraordinary one, born of the statute, and its provisions must be substantially complied with, but mere technical objections should not be allowed to defeat their operation.

The judgment of the lower court conformed to the views above expressed, and is therefore affirmed.

Judge Pryor delivered the following dissenting opinion:

The husband is not liable in this case for several reasons: First, The creditors of the wife had no right

to subject the exempted property to the payment of these debts.  Second, The wife had the right to give or sell that property to another without making the purchaser or donee responsible .to the creditors of the wife, and the contract of marriage vesting the title in the husband as against creditors, he, like any other purchaser, is not liable for its value to satisfy the debts of the wife.  Third, The husband owning no property but that obtained by the marriage, and it being exempt by law, and he a house-keeper, the exemption followed the property.  Fourth, There can be no such rule in law or equity that would forbid the creditor from selling the property because it is exempt, and at the same time make the debtor liable for its value.  Fifth, In no case can a purchaser for value from the debtor be held liable to the creditors of the debtor for property purchased, where the consideration has passed, if that property, at the time, was exempt from seizure and sale under execution. Whether the consideration was that of marriage or the payment of money is immaterial.