CASE 81—PETITION EQUITY—NOVEMBER 12.

# Cabell, Basye & Co. v. Patterson, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

1. ATTACHMENT.—In stating the grounds for an attachment in an affidavit it is not necessary to follow the language of the Code. It is sufficient to use equivalent language.

   The statement in the affidavit in this case that defendant "has attempted to sell and dispose of his property to his brother" with fraudulent intent to cheat, hinder and delay his creditors, and "that said sale is a sham and a fraud," was sufficient to authorize the attachment.

2. SAME—FINAL ORDER.—While an order sustaining a motion to discharge an attachment upon the face of the papers is not a final order, it may, after a final judgment in the action, be reviewed by this court upon appeal, and if erroneous the judgment will be reversed with directions to sustain the attachment, with the same effect as if it had never been discharged, thus giving it priority over attachments subsequently issued, and which by the lower court were adjudged to create a superior lien. An application to a judge of this court to have the attachment reinstated was not necessary in order to give it this priority. Nor were the plaintiff's rights affected by his compliance with an order of the court requiring him to file an amended affidavit in order to have his attachment reinstated after it was discharged.

3. SAME.—If the original affidavit had been defective, the amendment would not have operated to give plaintiff's attachment priority over attachments issued and levied between the date of the levy of his attachment and the amendment of his affidavit.

4. APPELLATE JURISDICTION.—As the judgment in favor of appellants to secure which they were entitled to a superior lien on the attached property amounted to more than $100, this court has jurisdiction of the appeal, although the claim of one of the appellees who was given priority by the judgment is less than $100.

S. H. BUSH FOR APPELLANTS.

1. The court erred in discharging the attachment of appellants on the face of the papers. The allegation that D. B. Patterson has *attempted* to sell &c., was sufficient to authorize the attachment.

Cabell, Basye & Co. v. Patterson, &c.

(Civil Code, section 194, sub-section 7; Lane, &c., v. Robinson, 18 B. Mon., 632.)

2. The notice in the case of J. M. Robinson, Norton & Co. was not good for the reason that it did not contain the officer's name. (Civil Code, section 203.)

3. The attachment in the case of Dunlap Bros. & Co. has never been served, and for that reason it was error to give them priority.

W. H. MARRIOTT FOR APPELLEES.

1. The order discharging the attachment is not a final order, and no appeal lies therefrom. (4 Met., 55; 4 Met., 109; 14 B. Mon., 195; 17 B. Mon., 144; Civil Code, sec. 259.)

2. The attachment having been discharged could not be restored so as to affect a *bona fide* lien previously thereto acquired by a third party. (Civil Code, sec. 268, sub-sec. 2; Bamberger, Bloom & Co. v. Moayan, 13 Ky. L. R., 103.)

3. No notice of filing schedule was given to S. J. Patterson on whose motion the attachment was discharged. (Traders' Deposit Bank of Mt. Sterling v. Meguiar, Helm & Co., 13 Ky. L. R., 95.)

4. As to Dunlap Bros. & Co., the amount is not sufficient to give this court jurisdiction. (Oswald, &c., v. Morris, &c., 13 Ky. L. R., 355.)
    Additional cases cited in petition for rehearing in support of point 4:
    Hopkins v. Negley, 12 Ky. Law Rep., 844; Gibson v. Shufeldt, 122 U. S., 27; Oliver v. Alexander, 6 Pet., 143; Rich, &c. v. Lambert, &c., 12 How., 347; Logan v. Davis & Kellar, 6 Ky. Law Rep., 137-139, Lee v. Gates, &c., 6 Ky. Law Rep., 585; Beauchamp v. Miles, 6 Ky. Law Rep., 652; Stoll v. Stoll's ex'or, 7 Ky. Law Rep., 286; Anderson v. Simmons' adm'r, 7 Ky. Law Rep., 438; Wolfe v. Glenn &c., 8 Ky. Law Rep., 428; Frederick v. Ackler, 9 Ky. Law Rep., 197; Clay's Adm'r v. Blair &c., 4 Ky. Law Rep., 29.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

A number of the creditors of D. B. Patterson sued him and obtained orders of attachment against his property, among others the appellants, Cabell, Basye & Co., J. M. Robinson, Norton & Co. and Dunlap Bros. & Co.

The attachment obtained by the appellants was issued and executed before those of J. M. Robinson, Norton & Co.,

and Dunlap Bros. & Co., and the lien created by their at-tachments as inferior to that of appellants.

Patterson moved the court to discharge, on the face of the papers, the attachment obtained by Cabell, Basye & Co., which motion the court sustained, and discharged the at-tachment because of a supposed defect in the affidavit. By leave of court they amended the affidavit, and the court re-in-stated the attachment. The appellant did not apply to a judge of this or the Superior Court to have the attachment re-instated.

Upon the trial of the case the court adjudged that J. M. Robinson, Norton & Co. and Dunlap Bros. & Co. had liens on the attached property superior to that of the appellants. From that action of the court this appeal is prosecuted.

As a ground for the attachment appellant alleged that "the defendant, D. B. Patterson, *has attempted* to sell and dispose of his property to his brother, S. J. Patterson, with fraudulent intent to cheat, hinder and delay the creditors of the defendant, D. B. Patterson. They say that said sale is a sham and a fraud; that S. J. Patterson had no money or property, and that he has paid nothing for the said stock of goods now in the storehouse at Melrose, Kentucky."

The Civil Code (sec. 194, sub-sec. 7) provides that an at-tachment may issue when it is alleged, as a ground therefor, that the defendant "has sold, conveyed, or otherwise dis-posed of, his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat. hinder or delay his cred-itors."

The question to be determined is as to whether the lan-guage employed is a substantial compliance with the re-quirement of the Code. If the appellants had said that de-fendant "has attempted to sell," etc., and stopped, then there might be some doubt as to the sufficiency of the allega-

tion, but it is further stated that the attempted sale was to defendant's brother, and that "said sale is a sham and a fraud."

Taking the entire allegation it amounts to the charge that the property was sold by the defendant to his brother, with the fraudulent intent to cheat, hinder or delay his creditors.

The pleader evidently did not want to recognize the validity of the transaction between the defendant and his brother, hence used the expression "has attempted to sell," etc., but added sufficient to it to make the whole a compliance with the Code. While all that is necessary in stating a ground for an attachment is to follow the language of the Code, yet if the pleader particularizes and states the ground of the attachment with some circumlocution, all of which being equivalent to the language used in the Code, it is sufficient.

It is contended that under the Code the only way appellants could have retained the right to be adjudged a lien superior to that of appellees, J. M. Robinson, Norton & Co. and Dunlap Bros. & Co., was to have had a judge of this or of the Superior Court re-instate the attachment, and, having failed to do so, although the affidavit for the attachment may have been sufficient, still they only have such lien as they acquired by amending the ground of attachment. If the affidavit had been defective the contention of appellees would be correct. (Subsection 2, section 268, Civil Code.)

It is true, as contended by counsel for appellees, that the order discharging the attachment was not a final order, from which an appeal could be prosecuted.

The appellees, J. M. Robinson, Norton & Co. and Dunlap Bros. & Co., were parties to the consolidated actions, in which the court erroneously discharged the attachment because of the supposed defect in the affidavit. They seek to

profit by the error of the court, although the attachment was immediately restored by the court upon the appellants amending the affidavit.    The court corrected the error which it had committed, because the amendment was made. The court should have restored the attachment at once without an amendment.    Does the mere fact that the court required them to do something which they should not have been required to do, in order to have restored an attachment that should not have been discharged, deprive them of their right to the lien which they acquired under the attachment? We think not.    The fact the court restored the attachment when an unnecessary pleading was filed does not add to or diminish any rights which appellants had by their attachment any more than a restoration would have done without an additional pleading.

The order restoring the attachment was proper, and appellant's rights were not diminished simply because the court made an unnecessary requirement of them.

Though an order or motion to discharge an attachment is not a final order, it may, after a final judgment in the action, be reviewed in this court. (Talbot v. Pierce, 14 B. M., 200, 158.)

In this case there was no necessity for the plaintiff to apply to a judge of this court to have the attachment re-instated, because the order discharging the attachment filed appellant's amendment and re-instated the attachment.

Even if this had not been done, this court could have, after final judgment, reviewed the action of the court in discharging the attachment, although it had not been re-instated by a judge of this or the Superior Court.

Suppose the lower court should make an order discharging an attachment before final order, and a judge of this court should refuse to re-instate it, could it be contended that plaintiff had lost his lien upon the property attached

when he had fully complied with the provisions of the Code alleging grounds for the attachment? Could it be said that he was remediless under such a state of case? In such case this court, after final judgment, could review the action of the court discharging the attachment.

It is insisted that as Dunlap Bros. & Co.'s claim amounted to only $80.94 this court does not have jurisdiction of the appeal as to their claim. If Dunlap Bros. & Co. were the appellants, certainly this court could not have jurisdiction, as the judgment would be less than $100. This appeal is being prosecuted by the appellants, whose judgment is for $425.77, and the court adjudged their lien was inferior to that of J. M. Robinson, Norton & Co. and Dunlap Bros. & Co. The effect of the judgment may be to prevent appellant from realizing anything whatever out of the property attached.

The amount of appellant's judgment gives this court jurisdiction, and it follows that it has the right to pass upon the rights of the parties to this appeal in the property attached or its proceeds. It is not the amount which may have been awarded out of a fund to an appellee, but the action of the court in denying appellant's right to a superior lien on the attached property for his judgment of $425.77 determines the jurisdiction of this court.

Wherefore, the judgment is reversed, with directions that the court adjudge appellants' lien on the attached property to be superior to that of J. M. Robinson, Norton & Co. and Dunlap Bros. & Co., and that further proceedings be had consistent with this opinion.