## Bradley, et al. v. Bays.

(Decided November 18, 1914.)

### Appeal from Carter Circuit Court.

1. Heirs—Debts of Ancestor.—In order to make an heir at law responsible for the debt of his ancestor, it must be alleged and shown that he received assets from the ancestor; to that extent only is he bound.

2. Debtor and Creditor—Lien Upon Land of Ancestor—Remedy.— The remedy of a creditor who holds a lien upon the land of the deceased ancestor, is to subject the real estate to his demand, or to obtain a personal judgment against the devisees on account of assets received, under section 2084 of the Kentucky Statutes.

THEOBALD & THEOBALD for appellants.

FRANK PRATER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On April 22, 1893, James H. Thompson sold 30 acres of land, in Carter County, to George I. Bradley, for $300.00. For $50.00 of the purchase money Bradley executed his note payable on December 25, 1893; and for $75.00 of the purchase money he executed his second note payable on December 25, 1894. On March 1, 1895, Thompson assigned both notes to Georgia Bays.

George I. Bradley having died without paying the notes, Georgia Bays brought this action on January 13, 1906, against Vena Bradley and her children, as the widow and heirs at law of George I. Bradley, deceased, seeking a judgment against them for the amount of the notes, and a sale of the land to satisfy the debt.

The action resulted in a personal judgment against the widow and five children of George I. Bradley for the amount of the two notes, with interest thereon, and an enforcement of the vendor's lien. At the sale Georgia Bays bought the land for $150.00. This sum was credited upon her judgment, which then aggregated $325.25. The defendants appeal.

The principal ground relied upon for a reversal is the error of the court in giving a personal judgment against the widow and children of George I. Bradley, deceased. The pleadings nowhere allege that George I. Bradley left any estate beyond the $150.00 for which the land sold. The record, therefore, shows that the judgment against the widow and the children is still unsatisfied to the ex-

tent of $175.25, without any reference whatever as to what assets any of them received from George I. Bradley.

It is well settled that in order to make an heir responsible for the debt of the ancestor, it must be alleged and shown that he received assets; and to that extent only is he bound. The remedy of the creditor is to subject the real estate to his demand, or to obtain a personal judgment against the devisees on account of assets received, under Section 2084 of the Kentucky Statutes. Withers' Admr. v. Withers' Heirs, 30 Ky. L. R., 1099, 100 S. W., 253; Carneal's Heirs v. Day, 2 Litt., 397; Trustees, &c. v. Fleming, 10 Bush, 234; Hagan v. Patterson, 10 Bush, 441; Massie v. Hyatt's Admr., 82 Ky., 320. In this respect the judgment is clearly erroneous.

For the error indicated, the judgment is reversed for further proceedings consistent herewith.

Judge Hannah not sitting.