# Collett v. Helton et al.
### (Decided May 12, 1936.)

J. J. FELTON and H. J. McCLURE and MILLARD F. ALLEN-DER for appellant.

BIRD & BIRD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

On the 8th day of January, 1935, in Rockcastle

county, George Collett, with a pistol, shot and killed a number of people, one of whom was Howard Helton. Helton left surviving as his widow, Zella Helton, and two children, Pauline and Reba Helton. On January 21, 1935, as his widow and next friend of her infant children, she filed, under section 4, Kentucky Statutes, this action against Ollie Collett, a brother of George Collett, to recover of him "as heir and devisee of George," "the sum of $1,000.00, as actual damages and for each of them the further sum of $1,000.00 as vindictive damages," and sought a general order of attachment against the estate of George Collett.

If this were an action against George Collett to recover of him, concededly the petition states a cause of action. Becker, etc., v. Crow, etc., 7 Bush, 198. It entirely fails to state facts sufficient to constitute a cause of action against Ollie Collett "as an heir and devisee of George Collett."

The sole allegation in reference to him is, George left Ollie surviving as his only heir at law; and

"that they are informed that the said George Collett wrote and executed an instrument purporting to be a will, in which and by which he undertook to dispose of all of his properties, both real and personal, and that he undertook by said instrument to devise said property or the greater part thereof to the said Ollie Collett."

The petition contains grounds of an attachment (see section 196, Civil Code of Practice), except it omits to charge that their claim "is just."

On the 22d day of January, by an amended petition, they reaffirmed the allegations of the original and alleged that D. G. Clark was indebted to the estate of George Collett, $109. Ollie Collett filed a general demurrer to the petition as amended. It was overruled. To this ruling, he retained an exception. He entered a motion to discharge the attachment "on the face of the records." The motion was overruled. He retained an exception. On March 21st the Heltons filed a second amended petition setting out that George Collett had executed a will nominating Ollie Collett, executor, which was probated by the county court. It is stated therein that he had qualified and was now acting as executor, though he had not qualified when their

original petition was filed. Ollie Collett filed a special demurrer to the petition as amended, on the ground the court had no jurisdiction of him or the subject of the action. Without waiving it, he pleaded to the court's jurisdiction, asserting that he was appointed executor on February 28, 1935, and that six months had not lapsed from the date of his appointment. The special demurrer was overruled, the plea to the jurisdiction of the court, denied, a jury was impaneled, and on the evidence introduced, it returned a verdict of $2,000 for each of the plaintiffs. Collett excepted. The grounds of attachment were sustained. To this he excepted. On this appeal, he seeks a reversal.

It is true that section 2084, Kentucky Statutes, makes a devisee liable for all debts and liabilities of the creditor of the testator in the same manner as an heir of an intestate would have been liable, if the property devised had descended to the heir. Section 2088, fixes the liability of an heir for a debt or liability of a decedent "to the creditors of the original decedent," to the extent of the estate received by the heir. Our construction of these sections is:

"'That, in order to make an heir responsible for the debt of the ancestor, it must be alleged and shown that he received assets; and to that extent only is he bound. The remedy of the creditor is to subject the real estate to his demand, or to obtain a personal judgment against the devisees on account of assets received, under section 2084 of the Kentucky Statutes. Withers' Adm'r v. Withers' Heirs, 100 S. W. 253, 30 Ky. Law Rep. 1099; Carneal's Heirs v. Day, 2 Litt. 397; Trustees of Kentucky, Female Orphan School v. Fleming, 10 Bush, 234; Hagan v. Patterson, 10 Bush, 441; Massie v. Hiatt's Adm'r, 82 Ky. 314, 320.'"

Bradley et al. v. Bays, 161 Ky. 103, 170 S. W. 504.

Ollie Collett has received nothing as a devisee or heir at law of George, and he may never receive any portion of the estate, though named as devisee in his will.

The rule is, if a creditor has a claim against the estate of a testator or an intestate, he may sue a devisee or an heir after he receives assets of the estate; but he is only liable to the extent of the assets received.

Indeed, this is the language of section 2088, Kentucky Statutes, and also of section 434, Civil Code of Practice. See Runyon's Adm'x v. Runyon, 237 Ky. 541, 35 S. W. (2d) 894.

"In an action thereunder to state a cause of action against either of them it is imperatively essential to state such facts as will constitute a cause of action on the original liability of the decedent or testator, accompanied with an allegation showing the assets and the amount thereof received by each of them."

Massie et al v. Paul, 263 Ky. 183, 92 S. W. (2d) 11, 13. The word "received," as here used, implies taking into possession and an assumption of ownership or treating the assets as his own. Hallenbeck v. Getz, 63 Conn. 385, 28 A. 519; Mack Co. v. Bear River Milling Co., 63 Utah, 565, 227 P. 1033, 36 A. L. R. 643.

As to Ollie Collett, individually, no cause of action had yet accrued, since he as an heir or devisee, had not received the assets of the estate of George. Hence, the court erred in overruling the demurrer to the petition in so far as they sought a personal judgment against him. For the same reasons, the judgment against him, individually, is clearly erroneous.

Section 196, Civil Code of Practice, prescribes the ground upon which at attachment may issue. Such grounds are not jurisdictional, and an immaterial omission may be supplied, if its meaning is clearly implied from the context. Clark v. Miller, 88 Ky. 108, 10 S. W. 277, 10 Ky. Law Rep. 691.

"This does not apply to material words, though as to these, if similar language, or words conveying the same meaning, are used, this will be sufficient (Cabell, Basye & Co. v. Patterson, 98 Ky. 520, 32 S. W. 746, 17 Ky. Law Rep. 836); but where a material word is omitted, and no other similar language is used, the omission is fatal. This has been applied to the omission of the word 'just.'"

Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700, 702.

The Clolinger Case was an action under section 4, Kentucky Statutes, in which an order of attachment was procured. A motion, as in the present case, was made to discharge it on the face of the papers.

It was our view then, and now, that a failure to allege in the petition that the claim sought to be recovered was "just" rendered the grounds defective, and the court erred in overruling a motion to discharge the attachment.

Section 3847, Kentucky Statutes, expressly provides that

"six months must run, after the date of the qualification of the first personal representative of a decedent's estate by a court of this Commonwealth, before an action shall be commenced against any executor or administrator thereof, except to settle the estate or against an executor de son tort. Any action brought in violation of this section shall be dismissed with costs."

Subsection 1, of section 428, Civil Code of Practice, as amended by the Acts of 1918, c. 155, contains this provision:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative."

We construed these sections in Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563, 565. The effect of our construction was

"that no suit of any kind, including a suit to settle the estate, can be brought against an executor or administrator within six months after his qualification, and that any action so brought 'shall be dismissed with costs'."

In the present action the petition, itself, shows on its face that an action was brought within less than six months after the qualification of the executor. For this reason the executor's special demurrer was available to raise the Heltons' right to prosecute it before the expiration of six months after the qualification of the executor. Even if it were not so, the plea in abatement presenting the facts, as authorized by section 118, Civil Code of Practice, was sufficient for that purpose.

In the Utterback Case an attachment was obtained to subject to the plaintiff's claim, the assets belonging to the estate. We directed it to be dismissed because the action was instituted within less than six months after the administrator's qualification, nothwithstanding no judgment was rendered against the estate.

The purpose of an action to settle an estate, as authorized by section 428, Civil Code of Practice, is

"to make an equitable distribution of the entire estate of the decedent or testator, among the creditors, heirs, devisees, and legatees who are parties thereto in any manner provided by law, according to their claims and interests as established by proper allegations and proof; the creditor paid ratably if need be because of the insufficiecncy of the estate to pay the entire claims of the creditors. Payne v. Auxier et al., 211 Ky. 170, 277 S. W. 298; Johnson v. Dodd's Adm'r, supra [238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975]."

Massie v. Sarah McMillan Paul, supra.

A creditor of a decedent or testator by an attachment cannot secure a preference over the other creditors by the issuance and levy of an attachment on the estate or any portion of it. A decedent or testator cannot be charged with the acts necessary to constitute grounds of attachment, embraced by the sections of the Civil Code of Practice. Any other construction of them would prevent an equitable distribution of the entire estate of the decedent or testator among the creditors, or the payment ratable of their claims against the estate to the creditors, if required, because of the insuffiiciency of the estate to pay entire claims of the creditors.

On this ground alone, the attachment should have been discharged as to the executor and estate of George Collett.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.