## Collett v. Jackson.
(Decided May 22, 1936.)

J. J. FELTON, H. J. McCLURE and M. F. ALLEN for appellant.

BIRD & BIRD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

On the night of January 8, 1935, George Collett, in Rockcastle county, Ky., ran amuck, shooting, killing and fatally wounding a number of people, after which he immediately shot and killed himself. Among those killed was one Lona Jackson, who left surviving her, as her only child and heir at law, the plaintiff herein, Violet Jackson, an infant nine years of age.

On January 21, following, Violet Jackson, by her next friend, Ephriam Helton, brought this action under section 4, Kentucky Statutes, against Ollie Collett (here the appellant), the brother of George Collett, to recover against him, "as heir and devisee" of George Collett, for the wrongful killing of her mother, the sum of $2,500 actual damages, and the further sum of $2,500 as vindictive damages therefor, and sought a general order of attachment against the estate of George Collett.

It may be conceded that the petition stated a cause of action against George Collett, the perpetrator of the crime, but the question is, Did the petition state facts sufficient to constitute a good cause of action against Ollie Collett, as "the heir and devisee" of George Collett, its only allegation as to Ollie Collett being that George Collett left surviving him as his only heir at law the defendant, Ollie Collett, and that

"she is informed that the said George Collett wrote and executed a writing, purporting to be a will, in which and by which he undertook * * * to devise said property or the greater part thereof to the said Ollie Collett."

Further, on March 31, 1935, the appellee filed her amended petition, wherein she alleged that the deceased, George Collett, had made and executed a last will, which had been duly probated of record since the filing of the original petition, and that, pursuant to the provisions of the will, Ollie Collett was duly appointed and qualified as the executor thereof. Further, the petition contained grounds of attachment, but failed to support same by proper affidavit, as required by section 196, Civil Code of Practice, in that she omitted to charge that the claim was "just," etc.

To the petition and amended petition, appellant filed special demurrer, upon the grounds that "the court had no jurisdiction of the defendant or the subject matter of the action," and, without waiving same, filed also plea to the jurisdiction of the court, for the reason that six months had not elapsed from the date of appellant's appointment and qualification as executor of the estate, on February 28, 1935, and the filing by plaintiff of this action.

Both the special demurrer and plea to jurisdiction were overruled by the court, to which exceptions were saved by the defendant.

Upon trial of the case, the defendant having declined to file answer to the action, and the allegations of the petition and amended petition being taken as confessed, a verdict was returned for the plaintiff in the sum of $5,000, upon which it was accordingly adjudged by the court that plaintiff

"recover of the defendant, Ollie Collett, as administrator of the estate of George Collett, and as heir and devisee of said George Collett, the sum of $5,000.00 with her costs,"

and further ordered that the attachment granted against the estate be sustained.

Complaining of this judgment as erroneous, both in the matter of its overruling his special demurrer and plea to jurisdiction and also in sustaining the attachment without the required supporting affidavit, to each of which rulings exceptions were reserved, the defendant has appealed, seeking a reversal.

The questions presented by these assignments of error are identical with those presented for our revision in the very recent case of Ollie Collett v. Zella, Pauline, and Reba Helton, 264 Ky. 214, 94 S. W. (2d) 603, wherein appellees, as widow and as next friend for her two infant children (plaintiffs below), sought recovery of damages against Ollie Collett (the same appellant as here), as administrator and as "heir and devisee" of George Collett, for the latter's wrongful and wanton killing, upon this same occasion here in evidence, of plaintiffs' husband and father, Howard Helton.

Upon that appeal, prosecuted upon the same alleged grounds of error committed by the trial court, on May 12, 1936, we reversed the judgment as erroneous in overruling the special demurrer, plea to jurisdiction, and in sustaining the attachment. Deeming our opinion in that case conclusive and controlling of our determination of the like questions here presented, upon its authority, the judgment of trial court is herein reversed.