## Austin, et al. v. First National Bank of Scottsville.

(Decided October 18, 1912.)

## Appeal from Allen Circuit Court.

1. Bills and Notes—Purchase of Overdue Note—Negotiable Instrument Law.—Where one buys a promissory note after it is overdue, it becomes, under section 58 of the negotiable instrument law, subject to the same defenses as if it were non-negotiable.

2. Service of Process—Joint Defendants—Jurisdiction.—Where one of several defendants is properly served in the county where the suit is brought, the court thereby obtains jurisdiction against the other defendants who were served with process in a different county.

3. Finding of Chancellor.—Where the proof is conflicting, and the mind is left in doubt as to the truth, a judgment based upon a finding of fact by the chancellor will not be disturbed.

BAIRD & RICHARDSON for appellants.

GOAD & OLIVER for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE MILLER—Overruling Petition.

The petition for a rehearing insists that the opinion of the court in this case treats the appellee as the holder of the note in due course of business under section 52 of the negotiable instrument act, and thereby denies to appellants their defenses against the note in the hands of the assignee. The appellee bought the note after it was overdue; and under section 58 of the negotiable instru-

ment law it was subject to the same defenses as if it were non-negotiable. A careful reading of the opinion will show that it did not hold otherwise. The expression that the bank was ''a bona fide holder of the note, for value,'' is found under the first section of the opinion, which treats of the jurisdiction of the court, and merely meant that the bank was not guilty of any bad faith in buying the note from Gardner. In no place in the opinion is it said that the bank was the holder of the note in ''due course'' of business, which is necessary to cut off defenses under the negotiable instrument act. The note was subject to all the defenses that could have been made against Gardner, and the judgment of both the circuit court and of this court so treated it.

Neither did the opinion hold that the judgment against the appellants, who lived in Monroe County, could have been rendered in the absence of service of summons upon a defendant in Allen County.

Section 80 of the Civil Code provides that in actions instituted after the bankruptcy proceedings of a defendant, a summons upon the bankrupt defendant in any given county will not hold there with him a joint defendant objecting to the jurisdiction, and summoned in another county, when no judgment can be rendered against the locally summoned bankrupt defendant. Such is the case here. The opinion fully recognizes the binding force of this provision of the Code. The jurisdiction was retained, not because the bankrupt, Austin, was served in Allen County, but because his joint defendant, Gardner, was served with process in that county; and, that being true, the court had jurisdiction to proceed against Gardner and the other defendants who were served with process in Monroe County. It is further insisted that neither the judgment of the circuit court, nor of this court, gave appellants the full benefit of the mortgage which Gardner had taken from Austin; and that appellants proof of fraud was sufficient to defeat any judgment against them. Appellants, however, overlook the ground upon which the circuit court rested its judgment. In referring to the allegations of the pleadings with regard to the taking of the mortgage by Gardner for the benefit of appellants, and Gardner's fraudulent purpose in that transaction, the circuit judge said:

"With these and other allegations in said pleadings admitted, by an utter failure to deny them, it is extremely doubtful in my mind, whether or not the proper judgment in the case should be a judgment releasing all these sureties; and I am directing the judgment above indicated because, from the testimony of these defendants themselves, it seems that they, or at least some of them, agreed to pay the note, if Gardner would account for bonus, purge the debt of usury, etc."

There was evidence under which the court might well have concluded that appellants had agreed to pay the note upon the conditions above named; and, it is unquestionably true that the court, by its judgment, required Gardner to account for the bonus, commissions, and purge the debt of usury.

Under the rule by which we give due weight to the chancellor's finding of fact when the proof is conflicting and the mind is in doubt as to the truth, we do not feel justified in disturbing the judgment. Wathen v. Wathen, 149 Ky., 505; Byasse v. Evans, 143 Ky., 415.

Petition overruled.