## McCain v. Joiner.

(Decided December 12, 1912.)

Appeal from Trigg Circuit Court.

Land—Action to Quiet Title—Appeal—Finding ·of Chancellor—Conflicting Evidence.—Where the evidence in an equitable action is conflicting, and upon a consideration of the whole case the mind is left in doubt, the finding of the chancellor will not be disturbed.

W. H. HOOKS and KELLY & KING for appellant.

MAX HANBERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, J. W. B. Joiner, brought this action against defendant, John H. McCain, to quiet title to an acre and a half of land lying in the southeastern part of Trigg County. The defendant denied plaintiff's title, and pleaded title in himself. He also asked damages for the cutting of certain timber by plaintiff, and on final hearing the chancellor gave judgment in favor of plaintiff. Defendant appeals.

It appears that plaintiff and defendant own adjoining tracts of land. Between the two tracts is a lane which has been used by plaintiff and defendant and their grantors and the traveling public generally for 35 or 40 years. At one point the lane makes an oblique turn, and the tract of land in controversy lies in the angle thus

made. Plaintiff owns several tracts of land which were conveyed to him by his father in 1888. Plaintiff claims title to the tract in controversy both by record and by adverse possession. The deed to him from his father conveys "tract No. 4, containing one acre and a half, more or less, in the southwest corner of tract No. 1." Tract No. 1 adjoins the tract in controversy, which lies on the southwest and between it and the lane. The proof shows that the tract in controversy has been in cultivation and under fence ever since plaintiff acquired title. Prior to that time, it was under fence and in cultivation by his father for 25 or 30 years. Defendant claims that the description in the deed to plaintiff from his father is too vague and indefinite to be valid. Whether or not this be true, we deem it unnecessary to decide, for plaintiff himself has had adverse possession of the tract in controversy for more than the statutory period. Defendant, however, insists that the evidence shows that plaintiff held under a 99-year lease, and that his holding was not, therefore, adverse. Defendant and one other witness say that plaintiff admitted that he held under a lease, while another witness claims to have seen a 99-year lease, but was unable to say that it covered the land in controversy. This lease, it is claimed, was in possession of plaintiff's brother. A subpoena *duces tecum* was issued for the latter, directing him to produce the lease in question. The record is silent as to the result of this investigation. Certain it is that the lease was not produced, and we are not inclined to hold that the existence of the lease was proved, in view of the vague and unsatisfactory evidence on the question, and of the improbability that all the other tracts of land were conveyed by deed, while the tract in controversy, consisting of only an acre and a half, and that of very little value, was leased for a period of 99 years.

It is by no means clear that defendant's deeds cover the land from which it is claimed plaintiff cut certain timber, and there is no evidence that defendant held that portion of the land by adverse possession. The evidence upon this and other questions being conflicting, and such as to leave the mind in doubt, the case is one which makes it peculiarly appropriate that we should follow the conclusion reached by the chancellor. Byassee v.

Evans, 143 Ky., 514; Wathen, et al. v. Wathen, 149 Ky., 504; Austin, et al. v. National Bank of Scottsville, 150 Ky., 113.

Judgment affirmed.