## Board Church Extension v. Taylor County

(Decided February 28, 1913.)

Appeal from Jefferson Circuit Court.

(Common Pleas Branch, First Division.)

1. **Contracts—Obligation for Payment of Money at Certain Place—Place of Performance.**—An obligation for the payment of money at a certain place is a contract to be performed there within the meaning of section 72 of the Code.

2. **Counties—County Not Corporation Within Meaning of Section 72, Civil Code.**—A county is not a corporation within the meaning of section 72 of the Code, although it has issued bonds pursuant to the legislative authority.

JOHN C. STROTHER and LEWIS APPERSON, for appellant.

LANIER & LANIER and DuRELLE & FLEECE, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Under an act of the General Assembly (see acts 1878, vol. 1, page 556), Taylor county issued a large amount of county bonds. The Board of Church Extension of the Methodist Episcopal Church South, became the owner of several of these bonds, dated October 1, 1887, due twenty years after date, and payable at the bank of Kentucky in Louisville, Kentucky. The bonds not having been paid the Board of Church Extension instituted this suit in the Jefferson circuit court on September 25, 1911, against Taylor county. A summons on the petition was executed on the county judge in Taylor county. The defendant appeared and on its motion, the summons was quashed and the action dismissed by the Jefferson circuit court for want of jurisdiction. The plaintiff appeals.

By section 78 of the Code, an action which is not required by the foregoing sections to be brought in some other county, may be brought in any county in which the defendant resides or is summoned. If the action is governed by this section it is evident that the Jefferson circuit court is without jurisdiction, as the summons was served in Taylor county. But it is insisted that the action is covered by section 72. That section omitting certain matters not material here, provides:

"An action against a corporation which has an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county in which such office or place of business is sit-

uated or in which such officer or agent resides; or, if it be upon a contract, in the above named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first named county, or the county in which the tort is committed."

As the bonds were payable in Jefferson county the contract was to be performed there. (Bank of Ky. v. Hickey, 4 Litt., 225; Rogers v. Raines, 100 Ky., 295). The action was therefore properly brought in Jefferson county if it is an action against a corporation within the meaning of this section.

The counties of the state are political sub-divisions created for political purposes. When they create debts by authority of law, they have been called quasi corporations, but they are in fact not incorporated, and are not a corporation within the meaning of section 72. A county has no office or place of business in the state or chief officer or agent residing in this state within the meaning of section 72, which refers to business corporations and not to political subdivisions of the state created for merely governmental purposes. (Downing v. Mason Co., 87 Ky., 208; Marion Co. v. Rives, 133 Ky., 472, and cases cited). The English counties are not corporations. (Eastman v. Clackamas Co., 32 Fed., 24, 7th Am. & Eng. Encyc., 900). We derive our entire system from the common law, and in the absence of a statute changing the common law rule, a county cannot be regarded as a corporation.

The act under which the bonds were issued does not confer jurisdiction on the Jefferson circuit court; on the contrary the purpose of its provision was to limit the jurisdiction rather than to enlarge it.

Judgment affirmed.