## Ezzell v. Exall.

(Decided March 3, 1925.)

### Appeal from McCracken Circuit Court.

Action—Co-Owners of Land Held Necessary Parties to Action for Declaratory Judgment Fixing their Rights.—Under Declaratory Judgment Act, Acts 1922, c. 83, sections 6 and 9, where parties seeking to obtain declaration whether judgment in partition proceedings under Civil Code of Practice, section 499, would be binding on co-owners of land not personally served with summons failed to make such co-owners parties court should have declined to declare rights of those who were parties.

B. M. STEWART for appellant.

BRADSHAW & McDONALD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an action under the Declaratory Judgment Act. It appears from the petition that on January 23, 1925, J. K. Exall entered into a written contract with W. E. Ezzell by which he agreed for a certain consideration to convey to Ezzell nineteen-twentieths of a 10-acre tract of land lying in McCracken county. It further appears that the title to the other twentieth is in Dorothy Cushman, or her heirs; that Dorothy Cushman was born

in the year 1905 and moved away from Kentucky in 1911; that if alive her whereabouts are unknown, and, if dead, her heirs are unknown. The contract obligates Exall to institute an action for the partition of the land and to have one-twentieth of the land set apart to Dorothy Cushman, or her heirs, and nineteen-twentieths to himself, and then to convey to Ezzell a good fee simple title to the nineteen-twentieths. The petition alleges that in a partition proceeding, under section 499, Civil Code, Dorothy Cushman or her unknown heirs, if she be dead, can be brought before the court by constructive process, and that a judgment of partition will be binding on her or her unknown heirs. It further appears from the petition as well as the answer that Ezzell contends that no valid partition can be had under section 499, unless all the joint owners are made parties plaintiff, or those who are not made parties plaintiff are actually served with summons. By reason of these contentions it is said that there is an actual controversy between the parties, and the court was asked to declare as between the parties whether Exall could acquire a valid title upon constructive service against Dorothy Cushman or her unknown heirs, and thereby comply with his contract to convey a good marketable title to Ezzell. The court entered judgment declaring the rights of the parties as claimed by Exall, and Ezzell has appealed.

It is unnecessary to determine whether the Declaratory Judgment Act confers on the courts the power to decide what will be the effect of a judgment when obtained in an action thereafter to be brought. The act not only provides in terms that the court may refuse to exercise the power to declare rights in any case where a decision would not terminate the uncertainty, or controversy, which gave rise to the action, but also provides that, when declaratory relief is sought, all persons who have, or claim, any interest which will be affected by the declaration shall be made parties. Sections 6 and 9, chapter 83, Acts 1922. The trial court was asked to decide whether a judgment of partition obtained on constructive service would be binding on Dorothy Cushman or her unknown heirs, if she be dead. It is at once apparent that either her rights, or the rights of her unknown heirs, would be affected by the declaration, and as none of them was before the court, and a decision of the question would not terminate the controversy, it necessarily follows that the court should have declined to declare the rights of

those who were parties and have dismissed the proceeding. Axton v. Goodman, Clerk, 205 Ky. 382, 265 S. W. 806.

Judgment reversed and cause remanded for proceedings consistent with this opinion.