## Ezzell, et al. v. Exall.

(Decided December 15, 1925.)

### Appeal from McCracken Circuit Court.

Partition—Constructive Service on Joint Owners and Their Unknown Heirs Held in Compliance with Statute Requiring them to be "Summoned."—In an action for partition, constructive service on joint owners of land whose whereabouts were unknown, together, with their unknown heirs, proper bond having been executed under Civil Code of Practice, section 410, held in compliance with section 499, subdivisions 1, 3, requiring that such persons shall be "summoned," since quoted word is broad enough to include constructive service.

B. M. STEWART and HOLLAND G. BRYAN for appellants.

BRADSHAW & MacDONALD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. K. Exall was the owner of 19/20 of a ten-acre tract of land adjoining the city of Paducah. The other twentieth was owned by Dorothy Cushman subject to the curtesy right of her father, Thad Cushman. Dorothy

Cushman, who was born in the year 1905, left Kentucky in the year 1911, accompanied by her father. A careful search has failed to reveal the whereabouts of Dorothy or her father. It is not known whether they are living or dead, and, if 'dead, who are their legal heirs. On January 23, 1925, Exall entered into a written contract by which he agreed to institute an action for partition and to have one-twentieth of the land set apart to Dorothy Cushman or her heirs, and nineteen-twentieths to himself, and then to convey to W. E. Ezzell a good title to the nineteen-twentieths. A proceeding was had under the Declaratory Judgment Act to determine whether or not a valid petition could be had under section 499, Civil Code, on constructive service  The circuit court declared in the affirmative, but, on appeal, the proceeding was dismissed on the ground that Dorothy Cushman and her unknown heirs were not before the court. Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752.

On the return of the case Dorothy and Thad Cushman and their unknown heirs were made defendants by amended petition. At the same time a separate action of partition was instituted and Dorothy and Thad Cushman and their unknown heirs were made parties defendant. The two actions were consolidated. Proper affidavit was made and a warning order entered. A report was filed by a nonresident attorney appointed by the court. A guardian *ad litem* was also appointed. Proof was taken on interrogatories. Proper bonds were executed under section 410, Civil Code. .The court adjudged the land divisible and appointed commissioners to make partition. The commissioners divided the land and filed a report. On exceptions judgment was rendered approving the report and ordering conveyances to be made in conformity therewith.

The record discloses that the proceedings in all other respects were regular and sufficient to support a valid partition, and the appeal challenges only the correctness of the ruling that the nonresidents and their unknown heirs were properly before the court on constructive service.

Omitting other provisions not material section 499, Civil Code, is as follows:

"Subsection 1. A person desiring a division of land held jointly with others, or an allotment of

dower, may file in the circuit court or county court of the county in which the land or the greater part thereof lies a petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest, with a prayer for the division or allotment; and, thereupon, all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of the court. The written evidences of the title to the land, or copies thereof, if there be any, must be filed with the petition

"Subsection 2. The statutory guardian of an infant, committee of a person of unsound mind, and husband of a married woman, may file or unite in the petition, in the names of, and in conjunction with such infant, person of unsound mind, or married woman; and if the petition be against an infant, person of unsound mind, or married woman, the guardian, committee or husband may appear and defend for them; if they fail to do so, the court shall appoint a discreet person for that purpose.

"Subsection 3. Upon such a petition by all interested in the property; or upon the service of a summons on all who have an interest in the property and have not united in the petition, ten days before the commencement of the term, the court may order the division or allotment of dower, according to the rights of the parties."

It will be observed that with respect to all persons interested in the property who have not united in the petition, subsection 1 uses the words, "shall be summoned," while subsection 3 uses the words, "upon the service of summons." Looking at the question from a narrow and technical point of view there may be some ground for the contention that actual service of a summons is required. However, when it is considered that such a construction will in many instances prevent altogether a partition of lands jointly held by residents and nonresidents, and not only deprive resident owners of the fruits of separate ownership but tie up their titles indefinitely, we are constrained to take a broader and more liberal view of the question and hold that the words, "summoned" and "service of summons," mean service

in any way that is appropriate and authorized by the Code, and are, therefore, broad enough to include constructive service.

We are fortified in this conclusion by the long and invariable practice of the circuit courts throughout the state, and are not inclined to upset titles based on a practical and common sense construction of the statute.

Judgment affirmed.