# Ex parte Hirsch's Committee.

(Decided Sept. 30, 1932.)

BURWELL K. MARSHALL, Jr., for appellant.

SELLIGMAN, SELLIGMAN & GOLDSMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

For a number of years Hirsch Bros. & Co. has been a corporation conducting a successful mercantile business in the city of Louisville. Leon Hirsch and his brothers owned the great bulk of the stock in the corporation, and he was its vice president and general manager, and also one of the moving spirits in prosecuting its business. The corporation on October 9, 1917, procured a policy on his life in the Prudential Insurance Company of America, wherein it was named the beneficiary, and the insurer agreed to pay to it upon the death of Leon Hirsch the sum of $10,000. The policy also contained a promise of indemnity against a disability contingency in addition to the death of the insured, Leon Hirsch, and which provision was and is in these words:

"If the Insured, after the first premium on this Policy has been paid, shall furnish due proof to the Company, while this Policy is in full force and effect and while there is no default in the payment of premiums, that he, at any time after payment of such first

premium, from any cause whatsoever shall have become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the Company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this Policy during such disability.

"If such disability shall occur before the Insured is sixty years of age the Company will, in addition to such waiver, during such disability, pay to the Insured the amount insured, less any indebtedness, in one hundred and twenty monthly instalments during ten years, each instalment of the amount of $9.74 per $1,000 of insurance payable; the first instalment to become payable six months after the Company shall have received such proof and subsequent instalments monthly thereafter. In lieu of monthly instalments the Insured shall have the privilege of receiving the said amount in annual, semi-annual, or quarterly instalments payable during ten years, each instalment of the amount, respectively, of $116.18, $58.25 or $29.16, per $1,000 of insurance payable, the first instalment to be payable at the same time as provided for the first monthly instalment. The insured shall not have the right to commute any instalments. Endorsement to the effect that the amount of insurance has become payable as herein specified shall be made on the Policy by the Company before the first instalment shall become payable.

"The total amount of insurance under this Policy at any time after one or more of such instalments have been paid shall not exceed the commuted value of the unpaid instalments, and loan and non-forfeiture values correspondingly modified shall be available to the Insured irrespective of said waiver of premiums. Any indebtedness incurred on account of the Policy during the instalment period shall be deducted from the commuted value of the unpaid instalments at that time and the amount of each of such unpaid instalments shall be correspondingly reduced.

"If such disability shall occur after the Insured is sixty years of age the amount of insurance hereunder shall, by endorsement hereon by the Company,

be reduced by the amount of each premium so waived, and any loans and non-forfeiture values shall therefter be based upon the amount of insurance thus reduced.

"The Insured, upon demand by the Company at any time during such disability and before the Company's liability hereunder has ceased, shall furnish due proof that he actually continues in a state of disability, as defined above, and in case of his failure so to do the Insured shall be deemed to have recovered from such state of disability.

"In the event that the Insured recovers from such state of disability before the Company's liability under the Policy has been fully discharged, as specified above, no further instalments shall be paid by the Company and no further premiums shall be waived, but thereafter the Policy shall, by endorsement thereon by the Company, be continued in force for the amount falling due thereafter and loan and non-forfeiture values correspondingly modified."

The beneficiary has paid all premiums since the issuing of the policy. In 1930, and before the insured reached the age of 60 years, he became permanently disabled from performing any services for his corporation or otherwise, and from earning compensation in the pursuit of any business. His disability consisted in the permanent (or apparently premanent) loss of his mind, and which resulted, upon due and proper legal inquiry, in a finding of such fact by the duly constituted court, and the appointment of appellant, Lincoln Bank & Trust Company, as his committee.

Claiming that a designated commuted amount was now due and payable from the insurer, the bank as such committee, and Hirsch Bros & Co., the beneficiary in the policy, filed this ex parte petition in the Jefferson circuit court under chapter 4a of the Civil Code of Practice (and which is section 639a-1 to and including 639a-12), and which is commonly known as our Declaratory Judgments Act, passed by the Legislature in 1922, and is chapter 83, page 235, of the Session Acts for that year. In the petition the foregoing facts are averred, and also that the amount claimed in the petition is now due under the permanent disability clause supra, which, it is also averred, the insurer does not dispute. The advice of the court is sought, and by its

judgment to declare who is entitled to collect and who is entitled to the benefit of the amount due, i. e., whether the committee is entitled to it for and on behalf of its ward, or whether the beneficiary is entitled to it.

It is averred in the petition that there is a dispute between the committee, and Hirsch Bros. & Co., as to who is entitled to the commuted amount due, or in what proportions, if any, it should be paid; but that the insurer "is willing to pay the liability whenever there shall be delivered to it a release signed by the said committee, accompanied by a surrender of said policy." The prayer of the petition is: "That the court make a declaration of rights of the petitioners in respect to said matters, and that the court, by its judgment, declare what such rights are, and that the court advise this committee as to its duty in the premises." It is nowhere averred that the insurer has taken any definite position as to who is entitled to the proceeds or as to the amount due, if any. The court on final submission adjudged that under the facts it was competent for the corporation to take out and pay for such a policy on the life of Leon Hirsch, since it, under such facts, had an insurable interest in his life, and for which reason the policy was not invalid as being a wagering one. It further adjudged that under the language of the disability provision, supra, the beneficiary was entitled to the proceeds; and from that judgment the committee prosecute this appeal.

It is clear from what has been said that there are two major questions involved: (1) Whether the policy, under the facts as recited, violates the rule prevailing in this state against wagering policies; and (2) if that question should be decided in the negative, then which one of the two (the insured or the beneficiary) is entitled to the proceeds arising from and growing out of the disability clause, supra? The answer to the latter question must necessarily depend upon the construction of that clause, since the insured is still alive and the amount involved is not a death benefit, but only a disability one, and must be distributed pursuant to the expressed intention of the parties as contained in the language of the policy creating it. It will therefore be seen that the insurance company that issued the policy is vitally interested in the determination of the questions involved. It is equally apparent that, whatever may be the determination of them under this record as

made up, the insurer will not be bound, since it is not a party. It might contend that nothing is now due to any one under the policy, or it may dispute the amount that is alleged to be due at this time. Also it might wish to contest the question as to who was entitled to the amount that is now due, if any, so as to produce a valid acquittance on payment by it. It is true, we repeat, that it is alleged in the petition, in substance, that the company is ready and willing to make payment at this time, and that it has agreed upon a commuted amount; but, since it is not a party to the action, it is not bound by such allegations, nor by a judgment finding them to be true, as did the judgment appealed from.

Section 9 of the Declaratory Judgments Statute, being section 639a-9, says in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding," while section 639a-6 (section 6 of the statute) authorizes the court to refuse to exercise the power to declare rights in any case "where a decision under it would not terminate the uncertainty or controversy which gave rise to the action." Cases determining the necessary parties to such a proceeding are, Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752 and Axton v. Goodman, 205 Ky. 382, 265 S. W. 806. Others bearing upon the question are Coke v. Shanks, 209 Ky. 723, 273 S. W. 552; Lyons' Adm'r v. Greenblatt, 213 Ky. 567, 281 S. W. 487; and De Charette v. St. Matthews B. & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34.

The case, as presented in the record before us, seeks an interpretation of a contract triangular in its nature, in that it creates rights in three separate distinct parties thereto. Only two of them are parties to this action, and they represent, as against the third one, only one side of the case, in that they together constitute the only beneficiaries under the insurance contract; while the payor of the fund in which they are to participate as beneficiaries is not a party and has no opportunity in court to raise its voice in the construction of the contract or the adjudication of any of its obligation thereunder. We therefore conclude that the insurance company was essentially a necessary party to this proceeding, and the court should have or-

dered it to be made one. We express no opinion on the merits of the issues presented and adjudicated.

For the reasons stated, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.