## Jefferson County et al. v. Jefferson County Fiscal Court et al.

(Decided May 28, 1935.)

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellants.

JAMES GARNETT, Jr., and JOHN E. SHEPARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Pursuant to section 6, chapter 49, Acts 1930, now section 1483a, Ky. Stats. Supp. 1933, the State Election Commission adopted a uniform metal ballot box to be used in all the election precincts of the commonwealth, and contracted with the Moeschl-Edwards Corrugating Company to furnish the boxes. Pursuant to the contract, the clerk of the Jefferson county court in September, 1930, purchased from the Moeschl-Edwards Corrugating Company 1,300 ballot boxes.

On March 20, 1935, the clerk of the Jefferson county court requested the fiscal court of that county to fur-

nish 500 additional ballot boxes identical with those theretofore adopted, and purchased from the Moeschl-Edwards Corrugating Company. On April 8, 1935, the fiscal court took bids for the additional ballot boxes, and the Logan Company being the lowest bidder was awarded the contract.

This action was brought under the Declaratory Judgment Act (Civil Code of Practice sec. 639a-1 et seq.) by Jefferson county on relation of the county attorney and by the county attorney against the Jefferson county fiscal court and its members for a declaration of rights.

The principal question presented was the validity of the contract with the Logan Company, and this in turn involved the question whether the original contract with the Moeschl-Edwards Corrugating Company was in force, and if not, who had the power to contract for the additional boxes, the Jefferson county fiscal court or the State Election Commission. The court adjudged in substance that the original contract with the Moeschl-Edwards Corrugating Company was at an end, and the State Election Commission having failed to make any contract for the purchase of the additional ballot boxes, the fiscal court of Jefferson county had the right to contract with the Logan Company, and the order accepting the bid of that company was valid. The county of Jefferson and the county attorney appeal.

The act not only provides in terms that the court may refuse to exercise the power to declare rights in any case where a decision would not terminate the uncertainty of controversy which gave rise to the action, but also provides that when declaratory relief is sought, all persons who have, or claim, any interest which would be affected by the declaration shall be made parties. Sections 639a-6 and 639a-9, Civil Code of Practice. Here the county and the fiscal court are seeking the same relief, and in the very nature of things there is no actual controversy between them. On the contrary, the only real controversy is between the county and its fiscal court on the one hand and the others whose rights will be affected by the declaration. They are the State Election Commission, the Moeschl-Edwards Corrugating Company, and the Logan Company, none of whom are parties to the proceeding. Where that is the case

the court should decline to declare the rights of those who are parties, and should dismiss the action without prejudice, unless the others whose rights are affected are made parties to the proceeding. Axton v. Goodman, 205 Ky. 382, 265 S. W. 806; Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752; Coke v. Shanks, 209 Ky. 723, 273 S. W. 552. Section 28, Civil Code of Practice.

Wherefore, the judgment is reversed, and cause remanded for proceedings not inconsistent with this opinion.