## Rothier et al. v. Stewart-Kidd Co. et al. (John G. Kidd & Son, Inc., Intervener).

(Decided Oct. 11, 1935.)

STEPHENS L. BLAKELY and RALPH RICH for appellants.
JOHN W. HEUVER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Mrs. F. A. Rothier and others, members of the board of trustees of the Public Library of the city of Covington, brought this action under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a-1 et seq.) against the Stewart-Kidd Company and its successor, John G. Kidd & Son, Inc., and the board of trustees of the Public Library of the city of Covington and the city of Covington to determine whether the members of the Library Board had the legal authority to issue certain notes to pay an existing indebtedness without incurring any individual liability. John G. Kidd & Son, Inc., the successor of Stewart-Kidd Company, intervened, and asked the court to determine the following questions:

"[a] Will said notes, if executed, be binding on said Board of Trustees of the Public Library, of Covington, Kentucky, in its corporate capacity?

"[b] Will the defendant, City of Covington,

be bound to continue to make appropriations as required by law?

"[c] Will the income of the defendant Board of Trustees of the Public Library arising from appropriations made by the defendant, the City of Covington, and all other income of said Board of Trustees of the Public Library, be liable for the payment of the notes as they mature?"

The court adjudged that the members might issue interest-bearing notes without incurring any individual liability; that said notes when executed would be binding upon the board of trustees in its corporate capacity, and would not bind the individual members thereof; that the city of Covington would be required to make all appropriations as set forth in the statutes; that all the income of every kind not required for the necessary operation of the Public Library would be liable and subject to the payment of the notes. From that judgment, this appeal is prosecuted.

Briefly stated, the facts pleaded in the petition are these: The Library Board is indebted to Stewart-Kidd Company in the sum of $6,191.01, which the board has failed to pay. The members of the board have agreed to a settlement with the defendant company under which they proposed to execute and deliver to the defendant in satisfaction of its account 10 notes each in the sum of $619.10, the first note maturing 1 year after date, and the remainder yearly thereafter successively, all bearing interest at 6 per cent. per annum. The total income of the Library Board is approximately $12,500, and the total annual expenses are approximately $11,695. The board has on hand approximately $1,000 in cash. The facts pleaded in the intervening petition are these: The Stewart-Kidd Company, now John G. Kidd & Son, Inc., sold and delivered to the board of trustees of the Public Library at its instance and request books and other printed matter at agreed prices, amounting to $6,191.01, no part of which has been paid. It is willing to take the notes of the defendant mentioned in the petition, provided said notes will be legal and binding on the defendants, board of trustees of the Public Library, and the city of Covington, in so far as it is bound to make appropriations for the use of defendant, board of trustees of the Public Library.

Section 3210b-1, Kentucky Statutes, being a part of the charter of cities of the second class, contains the following provision:

"Said board shall have no power to charge any of the real or personal property of said corporation with any debt or liability, and shall at no time expend, in the operation or maintenance of said library, or for any other purpose, any money in excess of that annually appropriated by the provisions of this act, and should said board attempt to impose any debt or liability upon the property of said free public library, or make any contract for amounts of money in excess of that annually appropriated by the provisions of this act, all such contracts or liabilities shall be void as against the free public library, and such members of the board as may vote for such debts, liabilities or expenditures of money shall be personally liable for the same."

The only facts pleaded in the petition and intervening petition are the amount of the indebtedness for which it is proposed to execute notes, the annual income and expense of the board of trustees of the Public Library, and the amount of cash on hand. It is not stated when, or in what amounts, the indebtedness was incurred, and no facts are given from which it may be determined whether the indebtedness for which the notes are to be executed is valid or not, and whether the notes may be executed without personal liability on the part of the members of the board. For aught that appears, the entire indebtedness may have been incurred in violation of the statute above set out. Thus the case is one where further pleadings and perhaps proof are necessary to a final and correct decision of the matters involved, and where that is the situation the Declaratory Judgment Act provides that the court shall remand the case for that purpose. Section 639a-6, Civil Code of Practice.

Wherefore, the judgment is reversed, and cause remanded, with directions to permit the parties, if they so desire, to file additional pleadings, and take such other steps not inconsistent with this opinion as they may deem proper.

Whole court sitting.