## Sullenger et al. v. Sullenger's Adm'x et al.

June 13, 1941.

C. C. Grassham and C. H. Wilson for appellants.

Charles Ferguson for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

B. L. Sullenger, a bachelor, died intestate September 22, 1940, leaving surviving two brothers and several nieces and nephews. The litigation in question was begun by the filing in the Livingston circuit court, a pleading termed "Petition in equity for Declaration of Rights;" 639a—1 et seq., Civil Code of Practice, by a brother living in Missouri and two nephews of deceased sons of a predeceased brother. The petition was filed on November 11, 1940.

Parties defendants were a brother of deceased, Albert, his two daughters, the administratrix, and Mildred Lawrence, and one P. Y. Damron, not a relative, but who, it is asserted, was laying some undisclosed claim to a portion of the personal property left by deceased. Mrs. Durham, on September 25, 1940, qualified as administratrix of the estate, and in this capacity alone was made defendant. The surety on her fiducial bond was also made defendant.

It is first charged in the petition that deceased died the owner and in possession of several tracts of land, which under laws of descent became the property of his heirs at law. It is then alleged and by exhibits shown, that by deeds of conveyance, for a small cash consideration, and for love and affection, deceased had conveyed to Mrs. Durham one tract on August 3, 1938; three tracts on February 3, 1939, and two tracts April 27, 1939; and

to Mildred Lawrence two tracts on February 20, 1939, all of record.

With respect to these conveyances, it is said the nieces "without right took into their possession all of the lands claimed under the deeds set forth herein; but the plaintiffs deny that they, or either of them, are entitled to any interest in said land, and further deny that Albert Sullenger (a brother) has any interest in said land," but "would be entitled to take one-third of the personal property after the payment of just debts," apparently recognizing in part the conveyances.

In that portion of the petition which undertakes to show that an actual controversy exists, it is said in respect of the real estate and the recited conveyances, the controversy is "as to whether said deeds or either of them, was ever delivered to Mae Durham or Mildred Lawrence; and as to whether any of said land was ever in possession of either of the grantees, or that they had ever made claim under said deeds, or whether there was any consideration, and as to whether or not said deeds were obtained under influence of the defendants."

The petition then describes certain personal belongings, aggregating in value about $5,037, which, as shown by appraisal bill, came to the hands of the administratrix, together with other personal property, which is described, and which it is said amounted in value to a considerable sum. Among other allegations we find it said that since the brother Albert (a defendant) is still living, his two daughters are not entitled to any part of decedent's estate. It is charged that there was commingled with the property, in the hands of decedent at the time of his death, certain properties belonging to the estate of a sister, and the court was put on notice that "another suit making demand therefor will be filed."

After summarizing their rights, plaintiffs below asked that the court "declare that the deeds, or either of them, are not valid or binding on the estate of deceased; that they are null and void; further to declare specifically that they were never delivered and no possession of the property thereunder was ever delivered to either Mrs. Durham or Mildred Lawrence; that the court further declare that plaintiffs, together with Albert Sullenger, are the owners of the whole estate and personal property of which B. L. Sullenger died the own-

er and in possession of," including the personal property appraised, and that not accounted for; that Albert Sullenger (a defendant) is entitled to one-third interest in the estate, and that "the two sons of the deceased brother George, and the living brother Jim are entitled to a one-third undivided interest, and "entitled to instant possession of said land in controversy."

On December 4, 1940, the administratrix, as such, her surety and all the other defendants, moved the court to dismiss the action, because instituted within six months following the qualification of the personal representative, it being pointed out that she qualified on September 24, 1940, and suit was instituted about forty-eight days after qualification. This motion was overruled, with exception. Later Mrs. Durham filed special demurrer, and without waiving, general demurrer based on the grounds that the court had neither jurisdiction of the person, nor of the subject matter of the action, and on the same day other defendants, including the brother Albert, filed general demurrer. The chancellor sustained both general and special demurrers, and plaintiffs declining to plead further, petition was dismissed, with exception and appeal.

In brief appellants insist that the action was and is properly maintainable under the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice, and that when it was enacted March 22, 1922, it had the effect of repealing or nullifying, pro tanto, Section 3847, Kentucky Statutes, and a portion of Section 428 of the Civil Code of Practice.

Section 3847, Kentucky Statutes, Act of 1893, was followed by Section 428 of the Civil Code of Practice, which provides:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate [provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.]"

The bracketed words were added by an Act of 1918. In Collett v. Helton, 264 Ky. 214, 219, 94 S. W. (2d) 603, 605, construing together these sections of the statute and

Code, we quoted from Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563, to the effect:

"That no suit of any kind, including a suit to settle the estate, can be brought against an executor or administrator within six months after his qualification, and that any action so brought 'shall be dismissed with costs.' "

Insofar as the action sought to have the administratrix do anything at all, it was premature, and the court should have dismissed on her motion, and correctly did so on special demurrer. See Collett v. Helton, supra. However, as indicated, appellees contend that the Declaratory Act not only gives them the right to maintain the action, but by virtue of the repealing clause (639a—12) the legislature intended to repeal and repealed the sections of the Code and statute adverted to above, hence the limitation or prohibition therein provided are not now effective.

This argument is not meritorious. There is nothing in the Declaratory Judgment Act which would indicate a purpose to repeal the laws with relation to restrictions, prohibitions, or limitations provided by other laws for orderly procedure, unless there be definite conflict. To hold this law repealed the prohibited provisions of the Statutes in question might justify us in disregarding, in applying the Declaratory Act, all laws with respect to limitations, prohibitions or especially provided procedural safeguards, even to the matter of venue or jurisdiction, which cannot be done. Edwards v. Bernstein, 231 Ky. 100, 21 S. W. (2d) 133.

The foregoing has application to so much of the petition as charged any dereliction, or fear of non-performance or dereliction on the part of the administratrix. As to such other matters, and as we view the declaration, it is shown that there may be at some time a question of the right of two nieces who hold deeds to the real property to retain the property conveyed, because of an alleged illegal procurement of the deeds. Giving the pleading the most liberal construction, there is a technical failure of pleading, sufficient to raise such an issue.

As to defendant Damron, there is no issue presented. It is only alleged that he might later set up some claim to certain undescribed personal property.

As to Mrs. Durham, she was made a defendant solely in her capacity as administratrix. Her claim, if she should later assert such, as to the real property, would develop into a purely personal controversy. She has nothing to do with the real estate as administratrix. In order to determine what her interest may be, if any, she must necessarily be brought before the court. The fact that she was not made party was amply sufficient to justify the court in dismissing this part of the declaratory pleading, even though the direct question may not have been raised. Worden v. City of Louisville, 279 Ky. 712, 131 S. W. (2d) 923; Ex parte Hirsch's Committee, 245 Ky. 132, 53 S. W. (2d) 211.

Having eliminated from the case so much as is presented by the pleadings relating to Damron and Mrs. Durham, in reference to any claim to the real estate, or as to her in her fiducial capacity, there remains nothing involved (if actually involved) save Mrs. Lawrence's claim to real estate under the deeds mentioned, supra, and the question as to who is entitled to the various properties under the laws of descent, about which there is no controversy. In a settlement suit the administratrix, and perhaps her surety, could be held liable' for any and all personal property coming into her hands in representative capacity. The same is true as to the (undisclosed) property held by decedent at his death, belonging to the Lillie Sullenger estate.

In the case at bar, appellants were not seeking to have the court adjudicate a controversy between the parties as to the meaning of, or to construe, the deeds in question, in order to determine their respective rights. It was sought to have the court declare the deeds void because the conveyances were had under the influence of the grantees, and to declare the parties, including the brother, who was a defendant and not claiming any interest to the "immediate possession of the land."

It is extremely doubtful whether or not even this carved out portion of the petition set up such an action as is cognizable under our Declaratory Judgment Law. Courts are in general agreement that a declaratory judgment act is not a substitute or alternative for such actions as are particularly provided for, to be brought in a particular way. One claiming the right to possession of land is not entitled to substitute declaratory procedure for such, as is specifically provided. Miller v.

238

Siden, 259 Mich. 19, 242 N. W. 823; 16 Am. Jur. 20, "Declaratory Judgments," which also deals with the subject of "disputed questions of fact," as appertaining to declaratory judgment suits.

We are of the opinion that the petition as presented failed to bring before the court below a really justiciable controversy, surely not one which would have justified it in making an effort to truly and completely determine the rights of the parties. See cases under Key Number System 6, 2 Kentucky Digest, Action. In such a state of case the chancellor has a discretion, 639a—6. The very best we could do under the circumstances as presented would be to remand for further proceedings, and, perhaps, proof in order that rights may be determined. Rothier v. Stewart-Kidd Co., 260 Ky. 659, 86 S. W. (2d) 667.

We may assume that the action of the court below was without prejudice; that by this time there has been settlement or proceedings therefor. As to the land, which is still there, and held under lis pendens, a simple suit will suffice to determine who are the legitimate owners, and since there appears to be sufficient legal reasons for the conclusions reached by the lower court, the judgment is affirmed.