## Commonwealth ex rel. Meredith, Atty. Gen., v. Reeves, Commissioner of Revenue, et al.

Nov. 11, 1941.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellant.

J. J. Leary for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

This action was instituted in the Franklin circuit court by the Commonwealth of Kentucky, on relation of Hubert Meredith, attorney general of Kentucky, Hubert

Meredith, individually and as a citizen and taxpayer of Kentucky, and Hubert Meredith as attorney general of the Commonwealth, for a declaration of rights of the parties under the provisions of Section 639a—1 et seq., Civil Code of Practice. The circuit court sustained the special demurrer to the petition as amended and, upon plaintiffs' refusal to plead further, entered an order dismissing the petition, from which judgment this appeal has been prosecuted.

The petition as amended alleged that the Commissioner of Revenue of Kentucky under the authority of Sections 4257a-1 to 4259, inclusive, Kentucky Statutes, Baldwin's 1939 Supplement, entered into a contract with the defendant, Clifford E. Smith, whereby it employed Smith as counsel to perform and cause to be performed all legal services and functions of the Department of Revenue in enforcing the provisions of the statutes aforesaid. The services and functions referred to consist of the enforcement of the collection of delinquent taxes and assessment of omitted property throughout the state. It further alleged that the compensation fixed in the contract, under the terms thereof, was to constitute full compensation to be paid Smith and all attorneys employed by him in the prosecution and collection of the taxes mentioned therein; that in fulfillment of the contract Smith employed the defendants, Reed, Middleton, and Chestnut to assist him in the work and their employment was approved by the Commissioner of Revenue and the Governor of the Commonwealth, as required by Section 4257a-1, Kentucky Statutes; that under the provisions of the contract and the statutes aforesaid it was the duty of Smith, Reed, Middleton, and Chestnut to bring all actions and to take all steps necessary to collect the taxes mentioned and referred to in Sections 4257a-1, not only for the Commonwealth but for each county, school district, and other taxing districts in the Commonwealth (except cities of the first to sixth classes inclusive), without charge or receipt of any additional compensation whatever from any county, county school board, or any other source; that after the execution of the contract and with the knowledge of Smith and the Commissioner of Revenue, the appellees, Reed, Middleton and Chestnut, illegally and unlawfully entered into contracts with several counties and school districts whereby they were employed by the latter to collect delinquent taxes and cause omitted property to

be listed for the purpose of taxation, for which they were to receive from the counties and school districts compensation in an amount equal to stated percentages of the taxes collected. That the work covered by the contracts with the counties and school districts is the identical work covered by the contract between the Commissioner of Revenue and Smith; that the Commissioner of Revenue with full knowledge of the contracts between the counties and school districts and Reed, Middleton, and Chestnut, has approved and permitted suits to be filed in his name, thus sanctioning the contracts between the counties and the school districts and the defendants, Reed, Middleton, and Chestnut, and that such action on the part of the Commissioner and Smith, Reed, Middleton, and Chestnut is contrary to law. It further alleged that the taxes in contemplation of being collected for the district schools constituted funds of the public school system of the Commonwealth which fund will be depleted by reason of the alleged illegal contracts and on that account plaintiffs have, and each of them has, an interest in the subject of the contracts and that it is the duty of the attorney general of Kentucky to prosecute the action to prevent unlawful depletion and diversion by appellees of large portions of the common school fund; that unless restrained and enjoined by the court all of the defendants will continue to make and carry out contracts for illegal payment to them of tax money belonging to the school boards and school districts and the common school system of the Commonwealth and to the counties of the Commonwealth; that from enumerated sources they have received exorbitant and large amounts of money which will never be recovered because of the insolvency of some of the defendants, thus occasioning irreparable losses to the school boards and school districts, and the various counties of Kentucky, for which they would have no adequate remedy at law. A declaration of the rights of the parties in respect to the contracts was asked; the plaintiffs further prayed that all of the contracts which have heretofore been entered into between Reed, Middleton, and Chestnut on the one part, and the various counties and school districts on the other, be declared to be void and that they be canceled by judgment of the court and that the court declare it to be illegal for defendants or any of them or anybody else to enter into similar contracts in the future, and that the defendants be enjoined from doing so.

An order was prayed requiring defendants to make an accounting for the sums collected by them under the contracts and that they be required to return to the counties, school districts, and school boards the respective amounts of the tax money which they have retained as compensation. They further prayed that the Commissioner of Revenue be perpetually enjoined from approving proceedings to assess omitted property for taxation where his codefendants have, or any person occupying a similar position to them has, made or expect to make contracts with counties or school boards for additional remuneration. They further prayed that so long as Smith and his assistants maintained their present status with the Commissioner of Revenue they be perpetually enjoined from seeking, demanding, or receiving any remuneration for their services in connection with actions to cause omitted property to be assessed for taxation from any county school board or source other than that provided in the contract with the Commissioner of Revenue; and that Smith and his assistants be perpetually enjoined from using any information secured by them from documents, records, and papers to which they have access only by reason of their employment by the Commonwealth for any purpose other than the discharge of their duties and rendition of their services under their employment by the Commissioner of Revenue and that they be perpetually enjoined from making any use of such documents, records, and papers in aiding, or in an effort, or in furtherance of, their purpose to obtain fees, remuneration, or compensation outside of that provided in Smith's contract with the Commissioner of Revenue.

The special demurrer attacked the petition on the grounds that (1) there was a defect in parties defendant, in that, the county and school districts to be affected by the judgment in the case were not made parties defendant; (2) neither the Commonwealth of Kentucky nor Hubert Meredith, as a citizen and taxpayer of the state of Kentucky, nor the attorney general has the legal capacity to maintain the action; (3) the Franklin circuit court has no jurisdiction of the subject of the action; (4) the Franklin circuit court has no jurisdiction of the real parties defendant.

At the outset it will be noted the petition alleges that a portion of the district school funds becomes part of the common school fund of the state. In this appel-

lants are in error and apparently are confused as to the source of revenue covered into the common school fund of the Commonwealth. District school funds, the subject of this action, are regulated by Section 4399-40, Kentucky Statutes, while the common school fund is distinct therefrom and is provided for in Sections 183 and 188 of the Constitution and Sections 4370-1, 4370-2, of the Statutes. The latter is distributed by the state to the various school districts on a per capita basis, while the state has nothing whatever to do with the funds of the local school districts unless Section 4257a-1 et seq. authorizes the Commissioner of Revenue to collect delinquent taxes for counties and school districts and about which, because of the conclusion hereinafter expressed, it is not proper for us to express an opinion on this appeal.

The opinion of the circuit court was not expressed in writing and the judgment does not indicate the ground on which the special demurrer was sustained; however, if either of the contentions of appellees in respect to the points raised by the special demurrer is tenable, the judgment must be affirmed.

The act relating to proceedings of this character recites than when declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, Section 639a—9, Civil Code of Practice. This provision is mandatory as we have consistently held in the following cases: Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752; Coke v. Shanks, 209 Ky. 723, 273 S. W. 552; Lyons' Adm'r v. Greenblatt, 213 Ky. 567, 281 S. W. 487; Ex parte Hirsch's Committee, 245 Ky. 132, 53 S. W. (2d) 211; Axton v. Goodman, 205 Ky. 382, 265 S. W. 806; Sullenger v. Sullenger's Adm'x, 287 Ky. 232, 152 S. W. (2d) 571, 574.

The petition alleges that Graves and McCracken counties and the Graves and McCracken school districts are parties to the contracts which appellants seek to have declared void, and we do not see how it could be contended that those counties and school districts are not necessary parties to so much of this action as would require a decision as to whether such contracts are valid. Indeed, the attorney general in oral argument practically conceded that point; but he contends that the

municipalities are not necessary parties to that part of the action which seeks to prohibit the Commissioner of Revenue from authorizing suits to be brought in pursuance of the contracts he alleges are invalid. He argues that the Commissioner of Revenue in approving the suits, acts as a state officer, and since his action gives sanctity to an illegal contract, it is contrary to the public policy of the state. But to pass on that question or on the question of the Commissioner's authority to bring or approve the suits and declare rights in respect thereto would affect the parties, to the contract none the less; because, premisory to a decision of the right of the Commissioner of Revenue to continue to authorize the proceedings complained of, it would be necessary for us to determine the question of the validity of the contracts. No decision on any of the questions presented by the petition can be made without directly or indirectly affecting the counties and school districts mentioned in the petition. All of the reliefs sought go to the question of the legality of the contracts questioned, or affect the rights of parties to proceed thereunder. From what has been said it is apparent that the parties may not have a declaration of their rights as prayed in the petition unless Graves and McCracken counties and the Graves and McCracken school districts are made parties to the action.

The contention of appellees that the court does not have jurisdiction of the parties is without merit. The defendants, Reeves and Smith, were served in Franklin county and the other defendants elsewhere in the state. All parties are necessary defendants and their rights will be affected by the decision when made. It is true that the decision will more seriously affect the rights of some of the parties than of others, but that does not render those more seriously affected the only real parties in interest, and, since the parties were properly joined and one was served in Franklin county, the court has jurisdiction of all. Sections 78 and 80, Civil Code of Practice; Austin v. First National Bank of Scottsville, 150 Ky. 113, 150 S. W. 8. Board of Church Extension, Taylor County 152 Ky. 518, 153 S. W. 747. A decision on the question of appellants' legal capacity to maintain this action involves the validity and construction of Section 4258, Kentucky Statutes, and affects the rights of the counties and school districts aforesaid. In-

deed, it would determine the law governing the rights of all parties affected, for which reason we reserve the question until the counties and school districts may be given an opportunity to be heard. For the same reason we reserve the question of the jurisdiction of the court of the subject matter of the action.

Since, because of the defect in parties defendant, the special demurrer was properly sustained, the judgment is affirmed.

Whole Court sitting.