**E. E. BURNETT, Appellant,**

**v.**

**MASONIC GRAND CHAPTER OF ORDER OF EASTERN STAR, Appellee.**

No. 16077.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 23, 1960.

Rehearing Denied Nov. 18, 1960.

Ernest May, Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, Beale Dean and Henry E. Kerry, Fort Worth, for appellee.

BOYD, Justice.

In a suit filed by Mrs. E. E. Burnett against Masonic Grand Chapter of the Order of the Eastern Star, a judgment was rendered declaring that the Grand Chapter is not liable for Luther Cooksey's printing bill of $1,731.40. The matter of the printing bill was by agreement of the parties, severed from a larger cause and proceeded to judgment. Mrs. Burnett appeals.

Mrs. Burnett was Grand Secretary of the Grand Chapter. She incurred a bill for printing, being one issue of the Eastern Star paper in the sum of $287.40, and for printing the minutes of the 1957 meeting of the Grand Chapter in the amount of $1,-444. The Grand Chapter's contention was that the Grand Secretary was without authority to bind it for the payment of either printing bill.

Cooksey was not a party to the suit. Each party alleged that the other owed Cooksey the $1,731.40. In this proceeding Mrs. Burnett does not claim that the Grand Chapter owes her anything; and the Grand Chapter does not claim that Mrs. Burnett owes it anything.

We have reached the conclusion that the court was without jurisdiction to render the declaratory judgment because we think no bona fide adversary controversy exists as to which a judgment could be res judicata. The Uniform Declaratory Judgments Act, Article 2524-1, Sec. 11, Vernon's Ann.Civ.St., provides that " * * * all persons shall be made parties who have or

claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding * * *."

"There must be an actual and bona fide controversy as to which the judgment will be res adjudicata. Such a case requires that all the interested parties shall be before the court." Washington-Detroit Theater Co. v. Moore, 249 Mich. 673, 229 N.W. 618, 619, 68 A.L.R. 105. See, also, Ex parte Hirsch's Committee, 245 Ky. 132, 53 S.W. 2d 211.

In Dobson v. Ocean Accident & Guarantee Corporation, 124 Neb. 652, 247 N.W. 789, 790, Campbell's administratrix had obtained a judgment against the city of Gillespie for negligently causing his death. He was killed by falling into an excavation in a street made by Dobson under a contract with the city to install a sewer. The city threatened to sue Dobson, claiming that he was liable for any loss sustained by the city by reason of the judgment. Dobson sued Ocean Accident & Guarantee Corporation, who had issued a policy which Dobson contended insured him against loss on account of injuries occurring by reason of the excavation, and Dobson asked for a declaratory judgment determining the insurer's liability for loss arising from Dobson's liability to the city. The city was not a party to that suit. The court said: "It is clear that the trial court in this case had no jurisdiction to determine any controversy between plaintiffs and the city of Gillespie, because the city is not a party to this action. No judgment rendered by this court would be binding upon the city, and if not binding upon the city, neither would it be binding upon the plaintiffs with respect to any liability claimed against them by the city. Hence, it follows that, had the trial court attempted to render a judgment in conformity with the prayer of plaintiff's petition, it would not terminate the uncertainty or controversy."

The judgment is reversed and remanded with direction to dismiss the cause unless all necessary parties are brought before the court. The costs of appeal are adjudged one-half against appellant and one-half against appellee.