**HOMER R. HUTCHINSON ESTATE and Homer R. Hutchinson and Intervenor Delores Bilyeu, Appellants,**

v.

**Wilfredo REYES and His Wife, Sharon Reyes, Appellees.**

Court of Appeals of Kentucky.

July 18, 1986.

Case Ordered Published Sept. 5, 1986.

William J. Rudloff, Bowling Green, for appellant.

Louis M. Waller, Russellville, for appellees.

Before LESTER, MILLER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment entered upon a jury verdict awarding damages to Wilfredo Reyes and Delores Bilyeu arising out of a tort action involving an auto accident.

The appellants have maintained from the initiation of this litigation that it ought to be dismissed as being commenced prematurely pursuant to KRS 395.270. Despite their filing of motions to dismiss with their answer which included the statute as an affirmative defense, a motion for summary judgment, and motions for a directed verdict at the close of the Reyes' case and the close of all the proof, the court overruled these motions without giving any reasons.

KRS 395.270 states:

Five (5) months must run after the date of the qualification of the first person or representatives of a decedent's estate before an action shall be commenced against any executor or administrator thereof except against an executor de son tort. Any action brought in violation of this section shall be dismissed with costs, except that an alleged creditor whose claim has been denied in writing by the fiduciary may commence action immediately after receipt of such denial.

The accident which was the subject of this lawsuit occurred on June 23, 1983. Homer Hutchinson died on November 5, 1983 and

an administrator was appointed for his estate on December 2, 1983. This suit was filed by Wilfredo and Sharon Reyes on February 6, 1984, only two months after the administrator was appointed. Clearly, under the terms of the statute, this action should not have been commenced prior to May 2, 1984 and upon motion of the defendant, dismissal was proper with costs to the plaintiff. *Sullenger v. Sullenger's Adm'x.*, 287 Ky. 232, 152 S.W.2d 571 (1941).

 In regard to the award to Delores Bilyeu on her intervening complaint against the Reyeses, we note the following. In some jurisdictions, the dismissal of the original action on a motion by defendants operates to effect a dismissal of an intervention, cross-complaint, or counterclaim. 27 C.J.S. § 77(b); *Dismissal & Nonsuit*, 482 at 487 (1959). However, it has also been said that a properly brought action will not be dismissed if substantial rights have accrued and injustice would result. In the case at bench, the intervenor's complaint against the Reyeses was not barred by KRS 395.270 as was the Reyes' action against the administrator of the Hutchinson estate.

The case having already proceeded to trial, resulting in an award to one appellant, and there being no appeal from that part of the judgment, as to Delores Bilyeu, the judgment is affirmed. Otherwise, the judgment is reversed with directions that the trial court dismiss the action against the remaining appellants and assess costs against the appellees, as provided by the statute.

REYNOLDS, J., concurs.

MILLER, J., concurs by separate opinion.

MILLER, Judge, concurring.

I reluctantly concur. My view is that KRS 395.270 would be better construed as excluding tort claims. Nevertheless, bound by precedent, I concur and point out that the appropriate statute of limitations for a tort action against a personal representative of one who expires before the statute has run is set forth in KRS 413.-180(3). *See Witherspoon v. Salm,* Ky., 346 S.W.2d 48 (1961). *See also Lemmons v. Ransom,* Ky., 670 S.W.2d 478 (1984), and *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981). (injuries emanating from automobile accidents since the adoption of the two-year statute of limitations in the no-fault act. KRS 304.39–230(6))